## KERN v PONTIAC TOWNSHIP

Docket No. 77-4350. Submitted June 20, 1979, at Lansing.—Decided November 19, 1979.

Paul A. Kern, Jr., a land contract vendee of two parcels of land located in the Township of Pontiac, and the tax representative for the property subsequent to his assignment of the land contract to his wife, filed two petitions with the State Tax Commission, an appeal to Oakland Circuit Court and a petition with the Michigan Tax Tribunal appealing the property tax assessments for the years 1970 through 1976. The actions before the State Tax Commission and the circuit court action were transferred to the Tax Tribunal and were consolidated as one action. This action and the prior action commenced in the Tribunal were consolidated. The Tribunal issued an opinion and judgment which set the true cash value at $160,950 for each of the tax years 1972-1976. The petitioner appealed to the Court of Appeals, which, in an unpublished memorandum opinion of August 25, 1977 (Docket No. 77-1179), remanded the entire cause to the Tribunal with an order to substantiate a conclusion with stated findings of fact and to conduct a new hearing if necessary and to receive additional evidence. On remand the Tribunal did not conduct a new hearing or receive any additional evidence, but instead issued an order vacating

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 654, 657-659, 678.

[2, 3, 5] 2 Am Jur 2d, Administrative Law § 447.
    72 Am Jur 2d, State and Local Taxation §§ 759, 779, 780.

[3] 29 Am Jur 2d, Evidence § 399.
    Unaccepted offer for purchase or sale of real property as evidence of value. 7 ALR2d 781.

[4] 2 Am Jur 2d, Administrative Law § 422.

[5] 72 Am Jur 2d, State and Local Taxation § 782 et seq.

[6] 2 Am Jur 2d, Administrative Law § 758.
    5 Am Jur 2d, Appeal and Error § 777.
    29 Am Jur 2d, Evidence § 859.

[7] 73 Am Jur 2d, Summary Judgment §§ 15, 16.

[8] 73 Am Jur 2d, Summary Judgment §§ 18, 20.

[9] 2 Am Jur 2d, Administrative Law §§ 455-457.

the 1976 judgment. A revised opinion and judgment were issued on October 17, 1977, again setting the true cash value of the property at $160,950 for each of the tax years 1972 through 1976. The petitioner appeals from the Tribunal's revised opinion, alleging that tax years 1970 and 1971 were erroneously omitted from consideration by the Tax Tribunal, that the Tribunal did not have competent, material, and substantial evidence on the whole record to sustain its conclusion as to the true cash value, that the Tribunal erred in admitting an undisclosed appraisal into evidence in violation of the Michigan Tax Tribunal Rule, that the Tribunal erred in denying its unopposed motion for summary judgment and that the Tribunal's revised opinion does not satisfy the remand order to substantiate its conclusions with the stated findings of fact. *Held:*

1. The Tribunal erred in failing to consider tax years 1970 and 1971 in its proceedings and a remand is necessary for Tribunal factfinding concerning these years. The petitioner asked that years 1970 and 1971 be considered along with 1972 in a circuit court action. This action was later consolidated along with other actions covering other years into a Tribunal consolidated case. A circuit court action initiated by the State Treasurer for nonpayment of 1970 and 1971 taxes was dropped from the Tribunal proceedings for lack of jurisdiction and the tax years 1970 and 1971 were withdrawn from the consolidated proceedings. Dropping the State Treasurer's case for delinquent taxes did not serve to withdraw years 1970 and 1971 from consideration for the propriety of the taxes for those years.

2. The record indicates that the Tribunal's finding of true cash value was based on competent, material and substantial evidence; therefore, its decision must be affirmed on appeal.

3. The undisclosed appraisal was erroneously admitted into evidence; however, under the applicable Michigan Court Rules, the error was harmless. Other than a general statement that he was surprised, petitioner does not allege he was prejudiced by the evidence nor is any shown by the record. Furthermore, the appraiser explained how he arrived at his assessment and was subjected to vigorous cross-examination. The interests of justice do not require a reversal of the Tribunal's decision.

4. Respondent did not come forward with a showing that a material issue of fact existed as required by the court rules; therefore, petitioner would have been entitled to summary judgment if his motion was valid. Petitioner's motion, however, was not valid because he failed to submit affidavits in support

of his motion for summary judgment. This lack of affidavits was fatal to his motion even absent objection by the opposing party.

5. The order remanding the case to the Tribunal did not mandate a rehearing of the case, only that its opinion reflect a conclusion substantiated by stated findings of fact. The Tribunal's revised opinion, following remand, met the requirements of separate statements of fact and conclusions. There was compliance with the remand order of the Court of Appeals.

Affirmed and remanded for further proceedings as to the years 1970 and 1971.

1. TAXATION — TAX TRIBUNAL — QUESTIONS OF FACT — QUESTIONS OF LAW — REVIEW — APPEAL AND ERROR — CONSTITUTIONAL LAW.

A reviewing court is bound by the factual determinations of the Michigan Tax Tribunal and may properly consider only questions of law; if a decision of the Tax Tribunal is not supported by competent, material, and substantial evidence on the whole record it is an error of law within the meaning of the Michigan Constitution (Const 1963, art 6, § 28).

2. TAXATION — TAX TRIBUNAL — PROPERTY — TRUE CASH VALUE — BURDEN OF PROOF — STATUTES.

A taxpayer has the burden of proof in establishing the true cash value of his property before the State Tax Tribunal; however, the Tribunal is obliged to make its own finding of true cash value and cannot merely affirm an assessment as placed upon the rolls by the assessing authority (MCL 205.737[3]; MSA 7.650[37][3]).

3. TAXATION — ASSESSMENTS — LAND VALUE COMPARISONS — LAND EVALUATION — EVIDENCE.

The Court of Appeals looks with disfavor upon establishing a taxation value by comparing the monetary value of the property with the asking price of similarly zoned property because evidence of unaccepted offers of sale of real property has traditionally been suspect as a tool in land evaluation.

4. ADMINISTRATIVE LAW — TAX TRIBUNAL — EVIDENCE — WEIGHT — DISCRETION.

The weight given to the expertise of witnesses is discretionary with the Michigan Tax Tribunal.

5. TAXATION — ASSESSMENTS — TAX TRIBUNAL — ASSESSORS — WRITTEN REPORTS — TRUE CASH VALUE — NOTICE — ADMINISTRATIVE RULES.

An assessor or expert witness may not testify as to the value of

property for tax purposes without submission of a written report unless permission is granted by the Michigan Tax Tribunal for good cause shown; the written appraisal or appraisal card must contain the appraiser's value conclusions and the basis for them and the supplying of a copy of the report to the opposing party or counsel is necessary (1975 AACS R 205.1252[1]).

6. TAXATION — TAX TRIBUNAL — ADMINISTRATIVE RULES — COURT RULES — HARMLESS ERROR.

The Michigan Court Rules govern in the absence of an applicable Michigan Tax Tribunal rule; where the interests of justice do not require a reversal of a Tribunal decision and there is no applicable Tribunal rule, the decision should be upheld under the harmless error provision of the Michigan Court Rules (1975 AACS R 205.1111[2], GCR 1963, 529.1).

7. JUDGMENT — SUMMARY JUDGMENT — MOTIONS — TEST FOR SUMMARY JUDGMENT — ISSUES OF FACT — COURT RULES.

The party opposing a motion for summary judgment based upon an alleged lack of a genuine issue as to any material fact, to be successful, must come forward with some showing that a genuine issue of material fact exists (GCR 1963, 117.2[3]).

8. JUDGMENT — SUMMARY JUDGMENT — AFFIDAVITS — SUPPORT FOR MOTION — FAILURE TO OBJECT.

Failure to file affidavits in support of a motion for summary judgment based upon an alleged lack of a genuine issue as to any material fact is fatal to the motion even absent any objection by the party opposing the motion.

9. TAXATION — TAX TRIBUNAL — QUESTIONS OF FACT — CONCLUSIONS OF LAW — STATUTES.

A decision of the Michigan Tax Tribunal should include, in separate statements, a concise statement of facts and the Tribunal's conclusions of law (MCL 205.751; MSA 7.650[51]).

*Grant, Schon, Wise & Grant, P.C.,* for petitioner.

*James P. Sheehy, P.C.,* for respondent.

Before: CYNAR, P.J., and MACKENZIE and L. W. CORKIN,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MacKenzie, J. Petitioner's property, Bryn Blaen Farm, is located in the Township of Pontiac, County of Oakland. The property, consisting of two contiguous parcels of land totalling 92.78 acres, is situated on the north side of Lake Angelus Road, east of Joslyn Road and west of Giddings Road. The property is suitable for agricultural use and has been zoned residential-agricultural (R4). Petitioner has utilized the land consistently with the zoning restrictions, maintaining the property as a stock pasturage.

The property was purchased by petitioner Paul A. Kern, Jr., via land contract for $100,000 in 1966. He subsequently assigned the contract to Yvonne Kern, his wife, the present land contract vendee, but remained the representative for taxation purposes.

The true cash value of the property alleged by each of the parties varies considerably in amount. The petitioner, while admitting in testimony that the purchase price of the property was $100,000 in 1966, argued that the true cash value of the property for each of the contested years was $75,000. This figure was alleged as the correct value because the property, having been offered for sale, elicited an offer of that amount only.

Respondent contended that the true cash value of the property had increased since it was purchased by petitioner in 1966. The following true cash value figures were set forth:

    1972—$243,150
    1973— 243,150
    1974— 208,400 (Board of Review amount)
    1975— 272,800
    1976— 160,950

The average level of assessments in this district, as indicated by the State Tax Commission, and the

state equalization factor employed in each of the tax years in question are 50% and 1.00, respectively.

The proofs presented at the hearing consisted of two appraisals of the property conducted by or for the respondent accompanied by supporting testimony. Testimony was also given by petitioner, who stated that he had been in the real estate and appraisal business. Petitioner did not present an appraisal in support of his contended true cash value, nor did he offer witnesses in his behalf.

An appraisal of the property was conducted by Laurence T. Murray, assessor and building department manager for respondent township. Murray used comparable properties from Orion Township and made downward adjustments to those figures, as it was concluded that such property sold at a premium to Pontiac Township property on both an equivalent front footage basis and on a per acre basis. This appraisal resulted in an estimated true cash value of the property in the amount of $160,-950 for the 1976 tax year. While this appeal also covers previous tax years, no appraisals were offered by either side to substantiate their contentions as to the earlier years.

The other appraisal of petitioner's property admitted by the respondent was in two parts. Respondent's exhibit 1 was an appraisal of Parcel A and exhibit 2 was an appraisal of Parcel B, both parcels being appraised by Robert H. Scott, a real estate appraiser since 1954. The resulting estimates of true cash value from Scott's appraisal are in the amounts of $108,900 for Parcel A and $54,900 for Parcel B, resulting in a total cash value of petitioner's property in the amount of $163,800. This appraisal is an update of an original appraisal conducted on May 15, 1975, and

purports to estimate true cash value as of July 23, 1976.

The hearing before the Michigan Tax Tribunal was held on July 29, 1976. The Tribunal issued an opinion and judgment dated October 12, 1976, which set the true cash value of the property at $160,950 for each of the tax years in question. On August 25, 1977, this Court, in a memorandum opinion, remanded the entire cause to the Tribunal with an order to substantiate a conclusion with stated findings of fact and conduct a new hearing if necessary and receive additional evidence. The tribunal did not conduct a new hearing or receive any additional evidence, but instead issued an order vacating the judgment of October 12, 1976. A revised opinion and judgment on remand was issued on October 17, 1977, setting the true cash value of the property at $160,950 for each of the tax years in question. Petitioner appeals as of right from the Tribunal's revised opinion.

I

Petitioner first contends that tax years 1970 and 1971 were erroneously omitted from consideration by the Tax Tribunal.

The record reveals that in 1972 petitioner filed an Oakland County Circuit Court action, bearing Docket No. 75-112168, petitioning the court to review the assessments of his property for tax years 1970, 1971, and 1972. The action was transferred to the Tax Tribunal and assigned Michigan Tax Tribunal (MTT) Docket No. 3663. This action was later consolidated along with other actions covering other years into MTT Docket No. 4174. Initially, at the hearing, the Tribunal accepted circuit court Docket No. 75-112168, MTT Docket

No. 3663, as representing petitioner's appeal of tax years 1970, 1971, and 1972.

However, there also existed a circuit court case bearing Docket No. 75-121841, which was an action initiated by the State Treasurer for judgment authorizing the sale of the petitioner's property for the recovery of delinquent taxes for the years 1970 and 1971. The Tax Tribunal noted that the Oakland County Circuit Court had issued a judgment as to No. 75-121841, based on § 67 of the General Property Tax Law, to sell the lands for failure to pay 1970 and 1971 taxes. This action was dropped from the proceedings by the Tribunal because of a lack of jurisdiction to review a circuit court judgment. In refusing to hear Docket No. 75-121841, the Tribunal denied petitioner's request to hear tax years 1970 and 1971 and withdrew these years from the consolidated proceedings bearing Docket No. 4174.

We agree with petitioner that the Tribunal erred in failing to consider tax years 1970 and 1971 in its proceedings. As initially noted by Judge Gallas, petitioner had asked that years 1970 and 1971 be considered along with 1972 in the circuit court action bearing Docket No. 75-112168. This action was properly consolidated into MTT Docket No. 4174 along with other actions concerning later tax years. The dropping of Docket No. 75-121841 from the Tribunal proceedings did not serve to withdraw years 1970 and 1971 from No. 75-112168. Thus, these years were still subject to review. A remand to the Tribunal for findings concerning tax years 1970 and 1971 is therefore required.

II

Defendant next argues that the Tribunal did not have competent, material, and substantial evi-

dence on the whole record to sustain its conclusion as to the true cash value.

On appeal from a ruling of the Michigan Tax Tribunal, the reviewing court is bound by the Tribunal's factual determinations and may properly consider only questions of law. See Const 1963, art 6, § 28, *Consolidated Aluminum Corporation, Inc v Richmond Twp,* 88 Mich App 229, 231-232; 276 NW2d 566 (1979). It is an error of law within the meaning of the Michigan Constitution if a decision of the Tax Tribunal is not supported by competent, material, and substantial evidence on the whole record. See *Fisher-New Center Co v State Tax Comm,* 381 Mich 713, 715; 167 NW2d 263 (1969).

The burden of proof is on the taxpayer to establish the true cash value of its property. MCL 205.737(3); MSA 7.650(37)(3). The Tribunal is obliged, however, to make its own finding of true cash value and cannot merely affirm the assessment as placed upon the rolls by the assessing authority. See *Consolidated Aluminum Corp, Inc v Richmond Twp, supra,* at 232. The definition of "true cash value" is set forth in MCL 211.27; MSA 7.27:

" 'Cash value' means the usual selling price at the place where the property to which the term is applied is at the time of assessment, being the price which could be obtained for the property at private sale, and not at forced or auction sale. * * * In determining the value the assessor shall also consider the advantages and disadvantages of location, quality of soil, zoning, existing use, present economic income of structures, including farm structures and present economic income of land when the land is being farmed or otherwise put to income producing use, quantity and value of standing timber, water power and privileges, mines, minerals,

quarries, or other valuable deposits known to be available in the land and their value."

Our review of the record leads us to the conclusion that the Tribunal's decision was based on competent, material, and substantial evidence. The Tribunal noted that although data of sales of truly comparative properties were unavailable, the Murray appraisal was based upon all relevant information that was available. Comparable properties from neighboring Orion Township were employed. Murray made downward adjustments on these figures after concluding that this property sold at a premium to Pontiac Township property.

We do not find error in the fact that Scott considered the "highest and best use" of the land in determining an appraisal figure for petitioner's property. Since the land was zoned residential-agricultural, it was not error to consider that the topography was suitable for housing. This is not a case where property zoned for a certain use is assessed on the assumption that it will ultimately be zoned for a different use. See *Gannon v Cohoctah Twp,* 92 Mich App 445; 285 NW2d 323 (1979). Further, it is important to emphasize that potential future use was only one of several factors considered by Scott. As noted by the Tribunal, he considered the fact that the property was located in the Pontiac School District and that the soil was not suited for utilities.

Petitioner assails the fact that in deriving their figures, respondent's appraisers improperly employed "comparables" that were properties for sale. In *Kensington Hills Development Co v Milford Twp,* 10 Mich App 368, 373; 159 NW2d 330 (1968), this Court stated:

"This Court also looks with disfavor upon establish-

ing a taxation value by comparing the monetary value of the property with the asking price of similarly zoned property. Evidence of unaccepted offers of sale of real property has traditionally been suspect as a tool in land evaluation."

We are unable to predicate reversible error upon this contention. An examination of the record reveals that only a few of the comparables employed were properties for sale. Since most of the comparable properties used were not for sale, we do not regard the appraisals as tainted.

Finally, we find no error in the weight given to the expertise of the three witnesses. This was a discretionary matter with the Tribunal, which we do not consider abused.

## III

Defendant argues that the Tribunal erred in admitting an undisclosed appraisal into evidence in violation of Michigan Tax Tribunal Rule (TTR) 205.1252(1), which states:

"Without permission of the tribunal for good cause shown, an assessor or expert witness may not testify as to the value of property without submission of a written report, such as an appraisal or an appraisal card, containing the person's value conclusions and the basis therefor. The report shall be supplied to the opposing party or their counsel within 60 days after the counsel conference required by Rule 250." 1975 AACS R 205.1252(1).

The valuation by defendant's witness, Mr. Murray, dated July 26, 1976, was made known to petitioner for the first time at the hearing. Petitioner objected to the introduction of the valua-

tion on grounds of surprise. The Tribunal admitted the appraisal into evidence, stating:

"GALLAS: Alright, Mr. Wells, your objection is noted. The Court notes that you have had a Counsel Conference in regard to this and at the Counsel Conference it was stipulated that all exhibits, maps would be furnished to either party and to the Tax Tribunal. Neither one of you have complied with this request. I think, you're both guilty. You've introduced here certain maps at this period of time which were not in evidence before. We do have discretion and leeway in regard to this and in order to facilitate proceedings we're gonna [sic] overrule your objection at this time and then it is noted and we will proceed."

The Court's reasoning behind allowing evidence of the value did not constitute a finding of "good cause". Thus, the evidence was admitted in violation of TTR 205.1252(1). TTR 205.1111(2) provides that when there is no applicable Tribunal rule, the Michigan Court Rules of 1963, as amended, shall govern. GCR 1963, 529.1 provides:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."

We do not believe that, because of the improper admission of Murray's valuation, the interests of justice require reversal of the Tribunal's decision. Other than the general statement that he was "surprised", petitioner does not allege he was prejudiced by the evidence nor do we discern any prejudice from the record. Murray explained how

he arrived at his assessment for the property. He explained that his 1976 assessment was lower than the one for 1975 because the prior assessment was based on information not reflective of the true market value. Further, petitioner was able to engage in vigorous cross-examination of Murray.

## IV

Petitioner next contends that the Tribunal erred in denying his unopposed motion for summary judgment.

On November 6, 1975, petitioner filed a motion for summary judgment, GCR 1963, 117.2(3), with the Michigan Tax Tribunal, contending that there was no genuine issue as to any material fact because respondent had admitted that petitioner's property was overassessed. No accompanying affidavits were submitted by petitioner. On November 25, 1975, the Tribunal issued an order denying the motion for summary judgment. It was stated therein that no answer had been filed in opposition to the motion.

The party opposing a motion for summary judgment based on GCR 1963, 117.2(3), must come forward with some showing that a genuine issue of material fact exists to preclude the granting of summary judgment. *Peisner v Detroit Free Press Inc*, 82 Mich App 153, 163; 266 NW2d 693 (1978). Respondent failed to do so in the instant case and, by that failure, petitioner would have been entitled to summary judgment, assuming that his motion was valid. An examination of the lower court file, however, reveals that no affidavits were submitted by petitioner in support of his motion for summary judgment. The lack of affidavits is fatal to the motion, even absent objection by the party opposing it at the trial court level. *Armstrong v Ross Twp*, 82 Mich App 77, 81; 266 NW2d

674 (1978). We therefore find no reversible error here.

## V

Finally, petitioner argues that the Tribunal's revised opinion does not satisfy this Court's memorandum opinion remanding this case to the Tribunal to substantiate its conclusions with stated findings of facts.

This Court previously remanded this case, directing the Tribunal to conduct a new hearing if necessary and receive additional evidence and substantiate a conclusion with stated findings of facts.

MCL 205.751; MSA 7.650(51) requires that a decision of the Tribunal include a concise statement of facts and conclusions of law, stated separately. Examining the revised judgment and opinion of the Tribunal in this case shows that the above standards were complied with. The opinion details the standards employed and the facts to which the standards were applied. The Tribunal delineated in detail its conclusions of true cash value and the exact findings of fact which gave rise to those conclusions. The language used is not merely conclusory, but is explanatory.

The order remanding this case back to the Tribunal did not mandate that the Tribunal rehear the case. It required only that its opinion reflect a conclusion substantiated by stated findings of fact. It was apparently the decision of the Tribunal that enough facts were available to it on the record to comply with the order of remand. We thus find that the remand order of this Court has been complied with.

The opinion of the Tax Tribunal as to tax years 1972-1976 is affirmed. We remand for findings concerning years 1970 and 1971.