COMMUNITY ASSOCIATES v MERIDIAN CHARTER TOWNSHIP

Docket No. 50032. Submitted June 1, 1981, at Lansing.—Decided November 2, 1981.

Community Associates, a Wisconsin limited partnership, owns an apartment complex in Meridian Charter Township. Community petitioned the Tax Tribunal for a review of the township's property tax assessments for the years 1977 and 1978. Community appeals from the determination of the Tax Tribunal, and the township cross-appeals, challenging both the tribunal's determination and the capacity of Community to bring the action. *Held:*

1. Community's failure to comply with certain statutory filing requirements of partnerships, which bars it from bringing an action in court, does not prevent it from bringing a proceeding before an administrative tribunal such as the Tax Tribunal.

2. Prior to bringing this appeal, Community filed an assumed name certificate, which action brings it within an exception to the partnership filing requirements. Community thus has the capacity to bring this appeal to the Court of Appeals.

3. The Tax Tribunal erred in admitting appraisals from each party which were submitted too late. However, neither party has shown prejudice; therefore, the Court of Appeals will not reverse the tribunal's decision because of the admission of the late appraisals.

4. The tribunal's decision contains findings of fact which are adequate to show the basis for the tribunal's determination.

5. The method used by the tribunal for determining the true cash value of the property, a capitalization of income analysis, was a proper method of valuation.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 293-297.
[2] 60 Am Jur 2d, Partnership §§ 370, 376.
[3] 72 Am Jur 2d, State and Local Taxation §§ 718, 815.
[4] 5 Am Jur 2d, Appeal and Error § 780.
[5] 72 Am Jur 2d, State and Local Taxation § 787.
[6] 72 Am Jur 2d, State and Local Taxation § 753.
[7] 72 Am Jur 2d, State and Local Taxation §§ 753, 754.

1. PARTNERSHIP — STATUTES — PENALTIES.

A penalty created by statute cannot be extended by implication; therefore, a provision which prohibits a copartnership from "bringing any suit, action or proceeding in any of the courts of this state" until it has complied with certain filing requirements applies only to courts and does not prohibit such a copartnership from bringing a proceeding before an administrative tribunal (MCL 449.106; MSA 20.118).

2. PARTNERSHIP — "PERSON" — STATUTES — APPEAL.

A limited partnership is a "person" within the meaning of a statutory provision allowing a "person" to file an assumed name certificate and, having done so, is not precluded by failure to comply with certain partnership filing requirements from bringing an appeal to the Court of Appeals (MCL 445.1[4][a], 449.106; MSA 19.821[4][a], 20.118).

3. APPEAL — TAX TRIBUNAL.

The Court of Appeals is bound by the factual determinations of the Tax Tribunal and, where no fraud is alleged, review is limited to questions of whether the tribunal committed an error of law or adopted a wrong principle.

4. APPEAL — TAX TRIBUNAL — PREJUDICE.

The Court of Appeals will not reverse a decision of the Tax Tribunal unless the party alleging error can show prejudice.

5. TAXATION — TAX TRIBUNAL.

A decision of the Tax Tribunal must include a concise statement of the tribunal's findings of fact and conclusions of law which are the basis for the tribunal's determination (MCL 24.285, 205.751; MSA 3.560[185], 7.650[51]).

6. TAXATION — TRUE CASH VALUE — FAIR MARKET VALUE.

The concept of true cash value is synonymous with fair market value, and any method for determining true cash value which is recognized as accurate and reasonably related to fair market valuation is an acceptable indicator of true cash value.

7. TAXATION — TAX TRIBUNAL — VALUATION.

It is the duty of the Tax Tribunal to adopt the method of valuation of property which is most appropriate to the individual case as the particular facts may indicate.

*Brown & Winckler,* for petitioner.

*Foster, Swift, Collins & Coey, P.C.* (by *David VanderHaagen),* for respondent.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

M. J. KELLY, J. Petitioner appeals by right the Tax Tribunal's determination of the true cash value of its property. Respondent cross-appeals by right the same determination and challenges petitioner's capacity to bring this action.

Petitioner, a Wisconsin limited partnership, owns a 256-unit apartment complex in Meridian Township, Ingham County, which is the subject of this evaluation appeal for the tax years 1977 and 1978. Petitioner's property was assessed by the township at $1,575,000, or 50% of its true cash value of $3,150,000, for both years. Petitioner appealed the assessment to the Tax Tribunal claiming that the property's true cash value was lower than the assessment. In support of its claims, petitioner submitted Exhibit No. P-9 containing appraisals using a market data approach and an income capitalization approach. Under the petitioner's market data approach, the true cash value of the property was between $2,970,000 and $3,030,000 for 1977 and between $3,100,000 and $3,180,000 in 1978.[1] The petitioner's expert also submitted an appraisal using an income capitalization approach which resulted in a true cash value of $2,400,000 for 1977 and $2,480,000 in 1978. During the hearing, petitioner urged the tribunal to adopt its income capitalization figures to compute the property's true cash value. The petition-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Petitioner's market data approach consisted of multiplying a gross rent multiplier by the gross rental income, resulting in the property's true cash value.

er's experts urged little weight be given to their own market data approach on the grounds that the buildings were in poor physical condition. Their final estimate of value was at the lower end of the income approach method.

Respondent also submitted two separate estimates of the property's true cash value. Originally, respondent submitted an appraisal which established the true cash value of the property at $3,150,000 for both years. However, at the hearing, respondent did not offer this appraisal, but, over petitioner's objection, offered a new appraisal indicating a true cash value of $3,374,890 in 1977 and $3,569,647 in 1978.

In its opinion, the Tax Tribunal discussed the different methods used by the parties to estimate the property's true cash value. To arrive at the true cash value, the tribunal used a capitalization of income approach resulting in true cash values of $3,000,000 for 1977 and $3,150,000 for 1978. Both parties appeal these findings.

Respondent first claims that petitioner's noncompliance with statutory partnership filing requirements (MCL 449.101; MSA 20.111) prohibits it from petitioning the Tax Tribunal for review of its property tax assessments. Any copartnership failing to comply with the statutory requirements is prohibited from "bringing any suit, action or proceeding in any of the courts of this state" until it has complied with the filing provisions. MCL 449.106; MSA 20.118. This provision refers only to "courts of this state" and not to administrative tribunals. The incapacity imposed by the statute for noncompliance is a penalty. A penalty created by statute cannot be extended by implication. *Davidow v Wadsworth Manufacturing Co,* 211 Mich 90, 94; 178 NW 776 (1920). Strictly con-

strued, the incapacity provision applies only to courts and not to administrative agencies, including the Tax Tribunal.

Respondent next claims that petitioner is barred from bringing this appeal by its noncompliance with the partnership filing requirements. Petitioner claims, however, that it is within the provisions of MCL 449.101; MSA 20.111 excepting any copartnership that has filed an assumed name certificate from the copartnership filing requirement. Petitioner limited partnership is a "person" within the meaning of MCL 445.1(4)(1); MSA 19.821(4)(a), allowing it to file an assumed name certificate. It has done so prior to bringing this appeal, and is therefore not subject to the incapacity imposed by MCL 449.106; MSA 20.118. Petitioner had the capacity to petition the tribunal for review of its assessments and has the capacity to bring an appeal in this Court.

Both parties argue that the Tax Tribunal's method for determining the true cash value of the property was incorrect. Our authority to review a valuation decision by the tribunal is very limited and we are bound by the tribunal's factual determination. *Northwood Apartments v Royal Oak,* 98 Mich App 721, 724; 296 NW2d 639 (1980). Where no fraud is alleged, our review is limited to questions of whether the tribunal committed an error of law or adopted a wrong principle. *Id.,* 724.

Initially, both parties argue that the tribunal erred when it admitted the opposing parties' appraisals. According to a tribunal order both parties were to submit prehearing appraisals by May 24, 1978. While respondent complied with this order, petitioner did not submit its appraisal until March 26, 1979, five months prior to the hearing. During the hearing, respondent, over petitioner's objec-

tion, submitted a new appraisal which was substantially different from the appraisal submitted in May, 1978.

Tax Tribunal Rule 252(1) states:

"Without permission of the tribunal for good cause shown, an assessor or expert witness may not testify as to the value of property without submission of a written report, such as an appraisal or an appraisal card, containing the person's value conclusions and the basis therefor. The report shall be supplied to the opposing party or their counsel within 120 days after the counsel conference required by R 205.1250." 1979 AC R 205.1252(1).

Under this rule, the tribunal may allow a witness to testify, even though a written report was not submitted on time, if good cause was shown. In this case, neither party offered any showing of good cause and it was error for the tribunal to admit the late appraisals. *Kern v Pontiac Twp,* 93 Mich App 612, 623; 287 NW2d 603 (1979). However, this Court will not reverse a tribunal decision unless the party alleging the error can show prejudice. *Id.,* 623.

In this case, respondent has failed to show prejudice. Petitioner submitted its written appraisal five months prior to the hearing which gave respondent ample time to review the appraisal. Likewise, we do not find that petitioner was prejudiced by respondent's submission of the new appraisal. While the tribunal did quote the true cash value used in the new appraisal, it rejected these figures as too high and used a more moderate figure which was closer to respondent's first appraisal. In its opinion, the true cash value set by the tribunal was equal to or below the true cash value used in

respondent's first appraisal. Therefore, no error was committed.

Petitioner also argues that the tribunal failed to make concise findings of facts and conclusions of law. Tax Tribunal decisions must include a concise statement of findings of fact and conclusions of law. MCL 205.751; MSA 7.650(51). This requirement is described with greater specificity in § 85 of the Administrative Procedures Act. MCL 24.285; MSA 3.560(185). Tribunal hearings are made subject to that provision by MCL 205.726; MSA 7.650(26). *Almira Twp v Benzie County Tax Allocation Bd,* 80 Mich App 755, 761; 265 NW2d 39 (1978). The decision of the tribunal must contain the factual and legal basis for the tribunal's determination. *Id.* The findings of fact made by the tribunal in this case are adequate. The tribunal's findings include the gross potential income, vacancy and credit loss, the added income, expense ratios, and overall capitalization rates. The findings also discuss the various appraisals of the parties and make specific findings concerning those appraisals. Petitioner has failed to point specifically to any area in which the tribunal has failed to comply with the requirements of MCL 205.751; MSA 7.650(51).

Finally, petitioner argues that the tribunal's method for determining the true cash value of the property was incorrect. For the purpose of taxation, property is to be assessed according to its true cash value. Const 1963, art 9, § 3; *Ramblewood Associates v City of Wyoming,* 82 Mich App 342, 344; 266 NW2d 817 (1978). MCL 211.27; MSA 7.27 defines true cash value as:

"[T]he usual selling price at the place where the property to which the term is applied is at the time of assessment, being the price which could be obtained for

the property at private sale, and not at forced or auction sale."

However, the legislative test for determining the true cash value is not exclusive. *Consumers Power Co v Big Prairie Twp,* 81 Mich App 120, 129; 265 NW2d 182 (1978), *lv den* 403 Mich 848 (1978).

The concept of true cash value is synonymous with fair market value. *CAF Investment Co v State Tax Comm,* 392 Mich 442, 450; 221 NW2d 588 (1974), *Northwood Apartments, supra,* 725. Any method for determining true cash value which is recognized as accurate and reasonably related to fair market valuation is an acceptable indicator of true cash value. *CAF Investment, supra,* 450, fn 2, *Northwood Apartments, supra,* 725. It is the duty of the Tax Tribunal to adopt the method of valuation which is most appropriate to the individual case as the particular facts may indicate. *Consumers Power Co v Port Sheldon Twp,* 91 Mich App 180, 184; 283 NW2d 680 (1979).

When determining the true cash value of petitioner's property, the tribunal used a capitalization of income analysis. This approach considered the gross potential income, vacancy and credit loss, other income, expenses, and overall capitalization rate. This capitalization of income analysis was approved in *Northwood Apartments, supra,* 726. It cannot be said that the tribunal committed an error of law or adopted a wrong principle in utilizing this analysis.

The Tax Tribunal's decision is affirmed.