ALHI DEVELOPMENT COMPANY v ORION TOWNSHIP

Docket No. 80942. Submitted August 8, 1985, at Lansing.—Decided February 18, 1986.

Alhi Development Company filed a petition in the Michigan Tax Tribunal challenging the 1981, 1982, and 1983 assessed valuations of 43 unimproved, mostly residential, platted lots it owned in Orion Township. Petitioner's assessment of the true cash value of the lots differed drastically from that of the township's assessment. A prehearing conference was held, at which the township named the township assessor, Rick Huffman, as its sole witness. At the subsequent hearing, the hearing officer permitted, over petitioner's objections, Kurt A. Dawson, the township assessor who succeeded Rick Huffman, to testify as the township's sole witness. Following the testimony of the witnesses for the two sides, the hearing officer assigned true cash values to the properties in question. Those figures were later changed by the Tax Tribunal to correspond exactly to the township's assessment of true cash values. Alhi appealed, claiming that the hearing officer erred in permitting Dawson to testify. *Held:*

Tax Tribunal rules require that witnesses be identified at the prehearing conference. Dawson's name was never supplied to petitioner's counsel, nor was he identified in the prehearing summary. Although Tax Tribunal rules provide for ways in which the hearing officer could have permitted Dawson to testify, the hearing officer did not invoke those rules. Rather, he permitted Dawson to testify as a fair trade-off for a delay caused by tardiness of petitioner's witness and because Dawson was not expected to testify about value. The hearing officer's rationale for allowing the testimony was incorrect, but that incorrect reasoning does not provide grounds for reversal. Dawson's testimony could have been properly admitted for good cause shown, and while the hearing officer never made a finding that good cause was shown, good cause to allow Dawson's testimony was actually present. The hearing officer's

REFERENCES

Am Jur 2d, State and Local Taxation § 787.

See the annotations in the ALR3d/4th Quick Index under Taxes.

failure to find good cause shown in admitting Dawson's testimony does not amount to reversible error where good cause was actually shown and the testimony could properly have been admitted.

Affirmed.

1. TAXATION — TAX TRIBUNAL — APPEAL.

The Court of Appeals may not entertain an appeal from the Tax Tribunal from any decision relating to valuation or allocation in the absence of fraud, error of law, or the adoption of wrong principles (Const 1963, art 6, § 28).

2. TAXATION — TAX TRIBUNAL — APPEAL — ADMINISTRATIVE RULES — COURT RULES.

The Michigan Court Rules govern in the absence of an applicable Michigan Tax Tribunal rule; where the interests of justice do not require a reversal of a tribunal decision and there is no applicable tribunal rule, the decision should be upheld under the harmless error provision of the Michigan Court Rules (1979 AC, R 205.1111[2], GCR 1963, 529.1).

3. APPEAL — TAX TRIBUNAL.

The Court of Appeals will not reverse a decision of the Tax Tribunal unless the party alleging error can show prejudice.

*Bennett S. Engelman,* for petitioner.

*Beier, Howlett, Hayward, McConnell, McCann, Jones, Kingsepp & Shea* (by *Eric J. McCann),* for respondent.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and D. P. KERWIN,* JJ.

D. P. KERWIN, J. Petitioner, Alhi Development Company, appeals as of right from a September, 1984, judgment of the Michigan Tax Tribunal, which adopted the hearing officer's proposed judgment containing true cash value determinations for numerous parcels of property owned by petitioner. The sole issue for our consideration is

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

whether the hearing officer erred by allowing respondent's township assessor to testify. We think he did not and affirm the judgment of the Tax Tribunal.

The dispute in this case centered on the value of petitioner's properties for the tax years 1981, 1982, and 1983. The property consisted of 43 unimproved, mostly residential, platted lots in Orion Township. Four of the lots were large, *i.e.*, between 13 and 70 acres. The parties' assessments of the true cash values of the lots varied drastically. Petitioner contended that the true cash values were low. Petitioner reasoned that the lots were unmarketable because of the unavailability of water and sewage systems, because permits for septic tank disposal systems were unobtainable, and because the lots were not available for farming, commercial or other use. Respondent Orion Township assessed much higher values for the lots.

Hearing Officer Thomas E. Straatsma held a prehearing conference in November, 1983, at which time respondent named "Rick Huffman, Assessor" on the prehearing summary as its sole witness. In January, 1984, Straatsma held a hearing during which petitioner presented the testimony of Charles L. Williams, a qualified expert appraiser. Respondent's only witness was Kurt A. Dawson, the township assessor who took over the job in October, 1983.

Williams, petitioner's expert, cited an array of reasons why the 39 platted lots lacked value. Sewer or septic systems, which affect the value of land, were unavailable. Physically, the parcels could not support septic systems. Additionally, the Oakland County Health Department had denied requests for septic permits on several of the parcels, because the land did not meet "perkability" standards.

The large parcels were fraught with similar problems. Lot F was landlocked and no septic system was available. Williams assigned a true cash value of $150 per acre to the remaining three large parcels, claiming that the availability of a septic system or a sewer would affect the value of all the large parcels.

Dawson, respondent's witness, testified over objection. The hearing officer allowed him to testify as a "fair trade-off" for petitioner's having delayed the hearing a half hour while awaiting Williams's arrival and because petitioner's proofs did not necessitate that Dawson testify as to the values of the properties. His testimony, the hearing officer reasoned, was not precluded by Michigan Tax Tribunal Rule (TTR) 252(2).

Dawson testified about the status and history of the septic permits. Septic permits had been issued on four lots, the most recent being issued in 1975. Dawson did not know for how long the permits were valid. For several lots, including the large parcels, no records were available. Permits had been denied for all the other lots. In rebuttal, Williams testified that septic permits were good for two years.

Dawson's testimony weighed heavily in the hearing officer's proposed judgment. The hearing officer assigned a nominal true cash value to lots with sewerage disposal problems according to Dawson's testimony. He assigned a $200 true cash value to lots Dawson said had been denied a septic permit. He gave a $2,000 true cash value to each of the four lots which had been issued a septic permit, and to each of the remaining lots for which no records were found. He assigned differing true cash values to the remaining large acreage parcels for each of the tax years in question. These figures were later changed by the Tax Tribunal to corre-

spond exactly to respondent's assessment of the true cash values.

Petitioner now claims error in the hearing officer's admission of Dawson's testimony. This Court may not entertain an appeal from the Tax Tribunal from any decision relating to valuation or allocation in the absence of fraud, error of law, or the adoption of wrong principles. Const 1963, art 6, § 28. We review petitoner's claim on appeal because it involves an error of law.

Several Michigan TTRs are involved in our examination of this claim. TTR 252 deals with disclosure of prehearing valuations. It states:

"(1) Without permission of the tribunal *for good cause shown,* an assessor or expert witness may not testify as to the value of property without submission of a written report, such as an appraisal or an appraisal card, *containing the person's value conclusions and the basis therefor.* The report shall be supplied to the opposing party of their counsel within 120 days after the counsel conference required by R 205.1250.
"(2) Within 120 days after the counsel conference required by R 205.1250, each party shall provide the opposing party with the name and address of any person who may testify on matters pertaining to value, together with a general summary of the subject area of such testimony. A person not so disclosed shall not be permitted to give testimony, unless, *for good cause shown,* the tribunal permits the testimony to be taken." (Emphasis added.) 1979 AC, R 205.1252.

According to TTR 270, one of the purposes of the prehearing conference is to identify witnesses. 1979 AC, R 205.1270(3)(d). TTR 270 required that Dawson be identified in the prehearing conference summary, which controls the subsequent course of the proceeding "unless modified at or before hearing by the tribunal to prevent manifest injustice". 1979 AC, R 205.1270(6).

In the present case, Dawson's name was never supplied to petitioner's counsel, nor was he identified in the prehearing summary. This violated both TTR 252(2) and TTR 270(3)(d) and (6). The hearing officer could have allowed Dawson to testify for "good cause" under TTR 252(2), or he could have modified the identification of the respondent's witness in the prehearing summary at the hearing "to prevent manifest injustice" under TTR 270(6). Moreover, TTR 275 allows for a change in the procedures "as justice may require to achieve a full and fair hearing of a matter before the tribunal". 1979 AC, R 205.1275.

Instead of invoking the foregoing TTRs, the hearing officer permitted Dawson's testimony as a trade-off for Williams's tardiness and because he was not expected to testify about value according to TTR 252(2). We think the hearing officer's rationale for allowing the testimony was incorrect. First, Dawson's testimony directly influenced the valuation decision, given Williams's testimony that the availability of septic permits affected the values of the parcels. Second, when the hearing officer allowed the testimony as a trade-off for the delay caused by petitioner's witness's tardiness, he failed to make a finding of "good cause shown" pursuant to TTR 252(2). Nonetheless, we are of the opinion that the hearing officer's incorrect reasoning for admitting Dawson's testimony does not provide grounds for reversal.

This Court in *Kern v Pontiac Twp,* 93 Mich App 612, 622-623; 287 NW2d 603 (1979), faced a similar situation dealing with subsection (1) of TTR 252. There, respondent made its witness's valuation known for the first time at the hearing. Petitioner objected, claiming surprise. The evidence had been erroneously admitted in violation of TTR 205.1252(1) as the court did not find good cause in

admitting the evidence. The Court in *Kern* invoked TTR 205.1111(2), which provides that where there is no applicable tribunal rule, the Michigan Court Rules of 1963 govern. Applying GCR 1963, 529.1, the Court found that the interests of justice did not require reversal of the tribunal's decision. The *Kern* case is similar to the instant case, as the hearing officer here did not find good cause in admitting the testimony. Again in *Community Associates v Meridian Charter Twp,* 110 Mich App 807, 812; 314 NW2d 490 (1981), this Court dealt with TTR 252(1). There, the tribunal erroneously admitted late appraisals. The Court did not reverse, stating:

> "Under this rule, the tribunal may allow a witness to testify, even though a written report was not submitted on time, if good cause was shown. In this case, neither party offered any showing of good cause and it was error for the tribunal to admit the late appraisals. *Kern v Pontiac Twp,* 93 Mich App 612, 623; 287 NW2d 603 (1979). However, this Court will not reverse a tribunal decision unless the party alleging the error can show prejudice. *Id.,* 623." 110 Mich App 812.

The considerations expressed in *Kern* and *Community Associates v Meridian Charter Twp* apply here. The hearing officer admitted Dawson's testimony for the wrong reaons, but we affirm because we think he reached the right result in any event. See *Robertson v Detroit,* 131 Mich App 594, 596; 345 NW2d 695 (1983). Good cause to admit the testimony was actually present. Respondent listed its former township assessor on the witness list in the prehearing summary. After the case got under way, Dawson had replaced the former assessor. The former assessor was unavailable to testify. While the hearing officer never made a finding that good cause was shown, we think the former

assessor's unavailability amounted to good cause to allow Dawson, his successsor, to testify.

In light of the considerations expressed herein, we hold that the hearing officer's failure to find good cause shown in admitting the assessor's testimony does not amount to reversible error where good cause was actually shown and the testimony could have been properly admitted. Therefore we affirm the judgment of the Tax Tribunal which adopted the hearing officer's valuations of petitioner's properties.

Affirmed.