# STATE OF MICHIGAN

# COURT OF APPEALS

VERONICA SMITH,

        Petitioner-Appellant,

v

CITY OF HAMTRAMCK,

        Respondent-Appellee.

UNPUBLISHED
February 15, 2018

No. 335547
Tax Tribunal
LC No. 15-005843-TT

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Petitioner, Veronica Smith, appeals by right the Tax Tribunal's final opinion and judgment which upheld the true cash value and taxable value assigned to petitioner's home by respondent, the city of Hamtramck, for the years 2015 and 2016. We affirm.

Petitioner's home was one of approximately two hundred constructed in settlement of a racial discrimination lawsuit filed in 1968 against the city of Hamtramck. During the 1950s and 1960s, the city made plans to construct the Chrysler Freeway through the city and to build new housing. Using federal funds, the city cleared out existing homes in three separate neighborhoods, displacing many residents; however, after the freeway was constructed, the new homes were never built. In 1968 a class action lawsuit was brought in federal district court against the city on behalf of displaced homeowners and descendants of original displaced homeowners. The class action plaintiffs claimed that the city had violated the Fourteenth Amendment in that over 70% of the displaced residents were African American. In 1971 a settlement was reached wherein the city and Wayne County agreed to construct approximately 200 new homes, giving the class action plaintiffs the option of purchasing a home with a partial subsidy from a housing fund that was established for that purpose. Petitioner exercised the option and purchased the home at issue. She paid $55,000 out of pocket; the remainder of the purchase price came out of the housing fund.

Petitioner's home is a 1728 square-foot, two-story colonial. The building permit was issued on March 18, 2013, to the contractor, NHS-Hamtramck #1, LLC. The home was finished in November 2013. Petitioner formally purchased the home in March 2014.

In 2014 petitioner's home was assessed with a taxable value of $27,500 and an assessed value of $27,500. The February 2015 notice of assessment listed a taxable value of $58,600 and an assessed value of $58,600. Petitioner appeared before respondent's board of review in March

2015, objecting that her 2015 assessments were too high. The board of review reduced both the taxable value and assessed value to $56,000. In 2016, respondent assessed petitioner's home at a taxable value of $62,468 and an assessed value of $65,300. Petitioner appeared before the board of review in March 2016 to challenge the 2016 assessments, but the board did not change them.

On or about August 4, 2015, petitioner, acting in propria persona, filed a property tax appeal with the Tax Tribunal, challenging the true cash value and taxable value for the year 2015. Under MCL 205.737(5)(b) the tribunal added the year 2016 to the consideration of the appeal.[1] In her petition, petitioner claimed that the 2015 taxable value should have been $23,000 rather than $56,000. Petitioner pointed to the fact that since she paid $55,000 for the home, that should be the true cash value for the home in 2015, with the property being assessed for one-half that amount, or $27,500.

On April 13, 2016, respondent filed written value estimates with the tribunal. Respondent stated that petitioner only paid one half of the actual cost of the new home out of pocket, with the other half coming out of the housing fund. Respondent noted that there are three methods for assessing taxable value: the sales approach, cost approach, and income approach. Respondent stated that the sales approach does not give accurate results in petitioner's case because most of the homes surrounding petitioner's home are older and had depreciated significantly. The income approach is not appropriate because petitioner's home is not income-producing property. The most logical method is the cost method, which is the preferred method for new construction. Utilizing that approach, respondent's assessor noted that the cost of the structure was $111,000. He estimated the cost of heating/cooling, electrical, and plumbing as totaling $23,000, and added a builder's premium of 5%. From that total of $140,700, he deducted physical, economic and neighborhood depreciation of $14,800, resulting in a value of $125,900. To that, he added the land value of $4,700, which results in a final property true cash value of $130,600. Respondent went on to explain that the 2014 calculations were not fully completed because the home was newly built at that time; the previous assessor had left in the spring of 2014, and the new assessor did not arrive until later. Also, in 2015, an estimate of $56,000 was used. Respondent explained that it was not until sometime in 2015 that the home was "measured and properly priced in the assessing system."

On June 14, 2016, the tribunal issued a proposed opinion and judgment. The tribunal held that the 2015 and 2016 assessments were properly made and upheld the assessments in their totality as adjusted in 2015 by the board of review. The tribunal noted that respondent provided a cost less depreciation approach and included the calculations resulting in the assessment value for both 2015 and 2016 using the State Tax Manual. Petitioner filed written exceptions to the proposed opinion and judgment, but the tribunal subsequently adopted it as its final opinion and judgment. Petitioner now appeals by right.

Initially, petitioner claims that the tribunal clearly erred in finding that her home was constructed over a two-year period (2013 to 2014), instead of during calendar year 2013 alone.

---

[1] MCL 205.737(5)(b) states that when a petition for a particular year is filed, an appeal for each subsequent year is added automatically to the petition.

-2-

Petitioner claims that this erroneously caused a doubling of the true cash value between 2014 and 2015. Petitioner is mistaken. The tribunal's findings of fact are final if they are supported by competent, material, and substantial evidence on the whole record. *Meadowlanes, Ltd Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 482; 473 NW2d 636 (1991). In this case, the tribunal did not find as a matter of fact that petitioner's home was built over a two-year period. Rather, the tribunal's final opinion and judgment states that the tribunal found that, although the home was completed in November of 2013, it was assessed in 2014 *as if* it were not completed until 2014. This was clear from respondent's value estimates, where respondent stated that the home was given an estimate of $56,000 in 2015 because it had not yet been properly measured and placed on the assessment rolls until 2016.

Secondly, petitioner claims that if the reason for the increase in the assessment is because of previously "omitted property," the law requires that there be a property record card or other documentation showing that the omitted property was not previously included in the assessment. Petitioner claims that here the property record cards show only that the bathrooms and a chain link fence were omitted. These two items alone cannot be the basis for a doubling in the assessment between 2014 and 2015. Petitioner consequently claims that the Tax Tribunal erred in its findings regarding the true cash and taxable values for 2015 and 2016.

Our review of the Tax Tribunal's decisions is limited. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). Absent fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal made an error of law or adopted a wrong principle. *Id*., citing Const 1963, art 6, § 28. The Tax Tribunal's findings of fact are final if they are supported by competent, material, and substantial evidence on the whole record. *Meadowlanes, Ltd*, 437 Mich at 482. The petitioner has the burden of proof in establishing the property's true cash value. MCL 205.737(3); *Kern v Pontiac Twp,* 93 Mich App 612, 620; 287 NW2d 603 (1979). The assessment of real property in Michigan shall not exceed 50% of its true cash value. Mich Const 1963, art IX, § 3. " 'True cash value' means the usual selling price at the place where the property to which the term is applied is at the time of the assessment, being the price that could be obtained for the property at private sale, and not at auction sale except as otherwise provided in this section, or at forced sale." MCL 211.27(1). The Tax Tribunal is required to make an independent determination of true cash value. *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 353; 483 NW2d 416 (1992). The tribunal is not bound to accept either of the parties' theories of valuation. It may accept one theory and reject the other; it may reject both theories, or it may use a combination of both in arriving at its determination. *Id*. at 356. The Tax Tribunal may select any valuation methodology that is accurate and bears a reasonable relationship to the property's true cash value. *Safran Printing Co v Detroit,* 88 Mich App 376, 380; 276 NW2d 602 (1979).

Regarding additions and omitted property, MCL 211.27a(2) states in pertinent part:

[F]or taxes levied in 1995 and for each year after 1995, the taxable value of each parcel of property is the lesser of the following:

(a) The property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate, *plus all additions. . . .*

(b) The property's current state equalized valuation. [Emphasis added.]

MCL 211.34d(1)(b) provides:

For taxes levied after 1994, *"additions"* means . . . all of the following:

(*i*) Omitted real property. As used in this subparagraph, *"omitted real property" means previously existing tangible real property not included in the assessment.* Omitted real property shall not increase taxable value as an addition unless the assessing jurisdiction has a *property record card or other documentation showing that the omitted real property was not previously included in the assessment. . . .* [Emphasis added.]

In this case, the Tax Tribunal record contains an April 6, 2016, property record card for petitioner's home which states specifically for the year 2016:

Other additions:

(13) Plumbing

3 fixture bath                                 2400

2 fixture bath                                 1600

Because a property record card documents the additions, the requirements of MCL 211.34d have been met. The Tax Tribunal recognized this and found that the two bathrooms were previously omitted and that was the reason for the increase in the assessment from 2015 to 2016. This factual finding is supported by competent, material and substantial evidence on the record.

Respondent used the cost approach in its determination of true cash value. Respondent's valuation was based upon actual numbers and calculated with the methodology set forth in the State Tax Manual. In contrast, petitioner did not provide a valuation method. The Tax Tribunal found respondent's methodology to be sound and in accordance with an accepted assessing method discussed in the State Tax Manual. There was no error. The Tax Tribunal did not adopt a wrong principle or make an error of law. Further, the findings of the tribunal were supported by competent, material, and substantial evidence on the record.

We affirm.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Thomas C. Cameron

-4-