GANNON v COHOCTAH TOWNSHIP

Docket Nos. 78-1918, 78-1919. Submitted May 2, 1979, at Grand
    Rapids.—Decided September 19, 1979.

    In 1971, the assessor of Cohoctah Township decided to increase
        the aggregate township property tax assessments for the 1972
        tax year by 17% to reflect increases in market value and to
        maintain an equalization factor of one. The formula employed
        to achieve the increases heavily weighted frontage upon an
        improved road, with the front ten acres of any parcel bearing a
        greater burden, and land lying further from the road bearing a ·
        smaller portion of the burden. The application of this formula
        resulted in an aggregate increase of township assessments of
        approximately 17%, with only minor individual variations
        except for the parcel owned by plaintiff, Marguerite Gannon.
        Because the Gannon property was a narrow strip of land
        running along an improved road, the formula used by the
        assessor resulted in a 73% increase in the assessed true cash
        value of the Gannon property in 1972. Increases in assessments
        from 1973 to 1978 were based on a fixed percentage. Plaintiff
        challenged the 1972 to 1978 assessments in the residential and
        small claims division of the Tax Tribunal, which upheld the
        assessments made by defendant township. Following a rehear-
        ing before a Tax Tribunal judge, who affirmed the small claims
        division decision, plaintiff appeals, arguing that her assessment
        was unreasonable because of lack of uniformity of the burden
        imposed by the formula used. Defendant argues that plaintiff's
        appeal is not properly before the Court of Appeals because of
        the Tax Tribunal rule prohibiting appeals of decisions of the
        small claims division and that the greater increase in assess-
        ment sustained by plaintiff is proper because extensive road
        frontage is related to the value of the property if it is used for
        nonagricultural uses in the future. *Held:*

        1. The Tax Tribunal rule prohibiting appeals of decisions of
        the small claims division is invalid in that said rule is in

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation § 787.
[2, 3] 72 Am Jur 2d, State and Local Taxation § 759.

conflict with the applicable provisions of the Tax Tribunal Act and the Michigan Constitution.

2. The use of the formula which heavily emphasized the extent of the parcel's frontage on an improved road for the purpose of determining the true cash value of agricultural land constituted the adoption of a wrong principle. The agricultural use of the land requires that greater weight be given to such factors as the quality of the soil, zoning and existing use.

3. Agricultural property may not be assessed on the assumption that it might eventually be used for nonagricultural purposes.

Remanded for redetermination of the "true cash value" of plaintiff's property.

1. TAXATION — APPEAL AND ERROR — TAX TRIBUNAL — ADMINISTRATIVE RULES — SMALL CLAIMS DIVISION — PROHIBITION OF APPEALS — VALIDITY — STATUTES — CONSTITUTION.

The Tax Tribunal rule prohibiting appeals of decisions of the small claims division is invalid in that said rule is in conflict with the applicable provisions of the Tax Tribunal Act and the Michigan Constitution (MCL 205.753[1]; MSA 7.650[53][1], Const 1963, art 6, § 28).

2. TAXATION — VALUATION — PROPERTY TAX — ASSESSMENT — TRUE CASH VALUE — AGRICULTURAL USE — FACTORS — STATUTES.

The use of an assessment formula which heavily emphasizes the extent of a parcel's frontage on an improved road as the means of determining, for property tax purposes, the true cash value of a parcel of land used for agricultural purposes constitutes the adoption of a wrong principle, since agricultural use of property requires that greater weight be given to such factors as the quality of soil, zoning and the existing use (MCL 211.27; MSA 7.27).

3. TAXATION — ASSESSMENT — PROPERTY TAX — AGRICULTURAL USE — FUTURE USES.

It is error to assess agricultural property on the assumption that it might eventually be used for nonagricultural purposes.

*Clark, Hardy, Lewis, Fine & Asher, P.C.* (by *Dennis R. Pollard*), for plaintiff.

*Wilfred H. Erwin*, for defendant.

Before: MacKenzie, P.J., and D. E. Holbrook, Jr. and Cynar, JJ.

MacKenzie, P.J. Plaintiff, Marguerite Gannon, appeals a decision of the residential property and small claims division of the Michigan Tax Tribunal which upheld defendant's assessments of property owned by plaintiff for the tax years of 1972 through 1978. Plaintiff subsequently sought and was granted a rehearing before a Tax Tribunal judge. At the conclusion of this rehearing, the original decision of the small claims division was affirmed. Plaintiff filed a second motion for rehearing which was denied on March 27, 1978.

According to the settled statement of facts, defendant's assessor decided to increase aggregate township assessments for the 1972 tax year by 17% to reflect increases in market value and to maintain an equalization factor of one. The assessor employed a formula which heavily weighted frontage on an improved road. The weighting was applied to a parcel's front ten acres; land lying further from the road was allocated a smaller portion of the burden.

Upon application of the assessment formula, the aggregate township increase was approximately 17%. Individual variations were minor except for the parcel owned by plaintiff, which underwent an increase of over 73% (from a true cash value in 1971 of $29,800 to a 1972 value of $51,700). The dramatic increase occurred because the bulk of plaintiff's property was a narrow strip of land abutting an improved road. The increases from 1973 to present were based on a fixed percentage. The 1978 value was set at $69,900.

Defendant initially contends that plaintiff is precluded from appealing the decision of the Tax Tribunal. Defendant notes that plaintiff elected to

have her claim heard by the residential property and small claims division of the Tax Tribunal and, thus, appeal is precluded by Rule 648 of the Tax Tribunal Rules of Practice and Procedure, which provides: "There shall be no appeal from the small claims division". 1975 AACS R 205.1648.

The residential property and small claims division of the Tax Tribunal was established to hear cases involving homesteads or other residential or agricultural real estate of less than four units, all other property where the requested relief does not increase or decrease the state equalized value by more than $20,000, and any proceeding where the amount of tax in dispute is $1,000 or less. MCL 205.762(1), (2); MSA 7.650(62)(1), (2). A qualifying petitioner may elect to proceed before either the small claims division or the entire tribunal. MCL 205.762(3); MSA 7.650(62)(3).

An examination of the statutory sections providing for the small claims division, MCL 205.761 *et seq.;* MSA 7.650(61) *et seq.,* reveals no provision precluding an appeal from the division. Rule 648 does, however, conflict with § 53 of the Tax Tribunal Act, which provides:

"Subject to section 28 of article 6 of the constitution of 1963, and pursuant to section 102 of Act No. 306 of the Public Acts of 1969, as amended, being section 24.302 of the Michigan Compiled Laws, and in accordance with general court rules, an appeal from the tribunal's decision shall be by right to the court of appeals. For purposes of the constitutional provision, the tribunal is the final agency for the administration of property tax laws." MCL 205.753(1); MSA 7.650(53)(1).

The tribunal rule additionally conflicts with Const 1963, art 6, § 28, which states:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

\* \* \*

"In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation."

Thus, under the Michigan Constitution, questions of law raised in Tax Tribunal proceedings, including those in the small claims division, are appealable to this Court. Consequently, we hold Rule 648 of the Tax Tribunal Rules of Practice and Procedure invalid. Plaintiff's case is properly entertained by this Court.

Plaintiff argues that defendant's assessor improperly employed an assessment formula which resulted in plaintiff's property sustaining an increase in value much greater than similarly situated property of other taxpayers.

Const 1963, art 9, § 3 provides that an assessment of a parcel of property must not exceed 50% of the true cash value. "True cash value" is defined in MCL 211.27; MSA 7.27, which in 1972 provided:

" 'Cash value', means the usual selling price at the place where the property to which the term is applied shall be at the time of assessment, being the price

which could be obtained therefor at private sale, and not at forced or auction sale. * * * In determining the value the assessor shall also consider the advantages and disadvantages of location, quality of soil, zoning, existing use, present economic income of structures, quantity and value of standing timber, water power and privileges, mines, minerals, quarries or other valuable deposits known to be available therein and their value."

Under this statute, the terms "true cash value" and "fair market value" are synonymous. *CAF Investment Co v State Tax Comm,* 392 Mich 442, 450; 221 NW2d 588 (1974). The factors set forth in § 27 are guidelines that aid in the determination of the fair market value of a parcel of property. *Safran Printing Co v Detroit,* 88 Mich App 376, 382; 276 NW2d 602 (1979).

In the instant case, defendant's assessor employed a formula which heavily emphasized the extent of a parcel's frontage on an improved road. However, under § 27, advantage of location is only one of several factors to consider in determining market value. Since plaintiff's property and the surrounding parcels are predominantly agricultural, improved road frontage does not possess the degree of importance it would have if commercial property was involved.

The formula employed by defendant's assessor reaches the dubious result that two rectangular parcels of farmland, similar in all other respects, possess drastically variant market values because one is located lengthwise along a paved road, while the other's shorter end abuts it. In light of the agricultural nature of plaintiff's property, greater weight should have been given to other factors set forth in § 27, such as quality of soil, zoning, and existing use. We thus feel that a wrong principle

was employed for determination of the true cash value of plaintiff's property.

Defendant suggests that consideration may be given to the fact that the property may be used in the future for nonagricultural purposes; therefore, the placement of great emphasis on improved road frontage was appropriate. We disagree. The land is presently zoned agricultural; it is error to assess noncommercial property on the assumption that it will eventually be used commercially. *Kensington Hills Development Co v Milford Twp & Milford Village,* 10 Mich App 368; 159 NW2d 330 (1968). It is noteworthy that § 27 was amended in 1973 to include the phrase "including farm structures and present economic income of land when the land is being farmed or otherwise put to income producing use". This additional factor for consideration in determining the true cash value indicates a legislative intent to prevent farmland from being valued as potential commercial, industrial, or residential property.

Remanded for a redetermination of the "true cash value" of plaintiff's property. No costs, a public question being involved.