ASSOCIATION OF LITTLE FRIENDS, INC v CITY OF ESCANABA

Docket No. 72152. Submitted February 22, 1984, at Lansing.—Decided
October 15, 1984. Leave to appeal applied for.

Petitioner, Association of Little Friends, Inc., is a nonprofit day
care center operating in the City of Escanaba. The facility was
purchased in 1979 and for the 1980 tax year the city granted
the facility exempt status from real property taxes. The city
changed its determination in 1981 and placed petitioner on the
property tax rolls and assessed the facility at $26,350. Peti-
tioner contested the loss of tax-exempt status before the Esca-
naba Board of Review. The board sustained the assessment and
petitioner appealed to the Michigan Tax Tribunal. In February,
1982, the petitioner was notified by the city of an increase in
the property's assessed value for the 1982 tax year. Instead of
filing another protest with the board of review, the petitioner
amended its appeal before the Tax Tribunal to include the 1982
assessment. The Michigan Tax Tribunal then adopted a hear-
ing officer's finding that the Tax Tribunal lacked the jurisdic-
tion to hear petitioner's 1982 tax exemption claim and that
petitioner failed to qualify for real property tax-exempt status
as an educational institution or a charitable institution in
regard to its property taxes for 1981. Petitioner appeals. *Held:*

1. Petitioner has not shown that its activities sufficiently
relieve the government's educational burden to warrant the
claimed educational institution exemption.

2. The proofs introduced by petitioner created a question as
to the charitable or benevolent nature of its activities. The Tax
Tribunal relied on only one portion of the petitioner's articles
of incorporation regarding its objective to own and operate

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, State and Local Taxation § 307 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 607.
[3] 71 Am Jur 2d, State and Local Taxation §§ 326, 327.
    73 Am Jur 2d, Statutes § 275.
[4] 71 Am Jur 2d, State and Local Taxation §§ 382, 383, 480.
[5] 71 Am Jur 2d, State and Local Taxation § 383.
[6] 71 Am Jur 2d, State and Local Taxation § 362.
[7] 2 Am Jur 2d, Administrative Law § 595.
[8] 72 Am Jur 2d, State and Local Taxation § 1059.

child day care centers to determine that charity or benevolence was not one of the petitioner's primary objects and overlooked other provisions of the articles of incorporation which specifically state the charitable purposes of the petitioner. The Tax Tribunal's bare reliance on one portion of the articles of incorporation does not represent a decision supported by competent, material and substantial evidence. Therefore, the cause is remanded to the Tax Tribunal to fully address the nature and financing of petitioner's activities.

3. It is reasonable to assume that the board of review's finding that petitioner was not entitled to tax-exempt status in regard to its 1981 taxes would not have been reversed in regard to the 1982 taxes if petitioner had protested the 1982 assessment to the board of review. Petitioner's failure to exhaust its remedies before the board is, therefore, excused and the Tax Tribunal has jurisdiction to consider the challenge to both the 1981 and 1982 tax assessments on remand.

Remanded.

1. TAXATION — REAL PROPERTY — EXEMPTIONS.

A claimant seeking a real property tax exemption must establish four elements: (1) the real estate must be owned and occupied by the exemption claimant, (2) the exemption claimant must be a library, benevolent, charitable, educational or scientific institution, (3) the claimant must have incorporated under the laws of this state, and (4) the exemption exists only when the buildings and other property thereon are occupied by the claimant solely for the purposes for which it was incorporated.

2. TAXATION — TAX TRIBUNAL — APPEAL — FINDINGS OF FACT — CONSTITUTIONAL LAW.

The Court of Appeals is bound on an appeal from the Michigan Tax Tribunal by the factual determinations of the tribunal and, where no fraud is alleged, review is limited to determining whether the tribunal's decision is authorized by law and supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28).

3. TAXATION — STATUTES — EXEMPTIONS — JUDICIAL CONSTRUCTION.

Exemption statutes are to be strictly construed in favor of the taxing unit; however, it is the duty of the Court of Appeals to interpret exemption statutes by the ordinary rules of construction in order to carry out the intention of the Legislature.

4. TAXATION — REAL PROPERTY — EXEMPTIONS — EDUCATIONAL INSTITUTIONS.

An institution seeking an exemption from property taxes as an

educational institution must fit into the general scheme of education provided by the state and supported by public taxation, and must make a substantial contribution to the relief of the burden of government (MCL 211.7n; MSA 7.7[4k]).

5. Schools — Preschools — Vocational Training.

Michigan's legislative scheme of education permits but does not mandate preschool education and vocational training (MCL 380.1285, 380.1287; MSA 15.41285, 15.41287).

6. Taxation — Exemptions — Charitable Institutions.

An institution, providing that it meets the other qualifications for tax exemption, may qualify for property tax exemption as a charitable or benevolent institution where it shows that its property is used in such a way that there is a gift for the benefit of the general public without restriction or for the benefit of an indefinite number of persons by bringing them under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government (MCL 211.7-o; MSA 7.7[4-l]).

7. Taxation — Exemptions — Board of Review — Tax Tribunal — Administration Law — Exhaustion of Remedies.

An assessment must be protested before the board of review prior to invoking the jurisdiction of the Michigan Tax Tribunal where there is a dispute regarding a claim of tax exemption; the failure to exhaust administrative remedies before the board of review is excused where appearance before the board of review would be futile.

8. Taxation — Board of Review — Tax Tribunal — Subsequent Assessments.

A taxpayer must file a protest before the board of review regarding subsequent allegedly unlawful assessments before amending a petition pending in the Michigan Tax Tribunal regarding a prior allegedly unlawful assessment to include both claims (MCL 205.737[4]; MSA 7.650[37][4]).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Robert W. Stocker, II*), for petitioner.

*Hansley, Neiman, Peterson, Beauchamp, Stupak*

& *Bergman, P.C.* (by *John M. Bergman)*, for respondent.

Before: BRONSON, P.J., and R. B. BURNS and R. L. BORSOS,* JJ.

BRONSON, P.J. Petitioner (the association) appeals as of right from an order of the Michigan Tax Tribunal (MTT) denying its claim of exemption from property taxes for the 1981 tax year. Petitioner is a nonprofit day care center operating in the City of Escanaba. At the end of 1979, petitioner purchased its facility in Escanaba. For the tax year 1980, the city granted the Escanaba facility exempt status from real property taxes.[1] In 1981 the city placed petitioner on the property tax rolls and assessed the facility at $26,350. Petitioner contested the loss of tax-exempt status before the Escanaba Board of Review. The board sustained the assessment and petitioner appealed to the MTT.

In February, 1982, petitioner was notified by the city that the assessed value of the property had increased from $26,350 to $27,150 for the 1982 tax year. Instead of filing another protest with the board of review, petitioner amended its then-pending appeal before the MTT to include the 1982 assessment.[2]

The MTT adopted the hearing officer's finding that petitioner failed to qualify for real property tax-exempt status as an educational institution

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Petitioner, as an educational institution, is exempt from federal income tax under the Internal Revenue Code, 26 USC 501(c)(3), and from Michigan sales and use taxes.

[2] Petitioner does not protest the assessed value of the Escanaba facility.

under MCL 211.7n; MSA 7.7(4k)[3] or as a charitable institution under MCL 211.7-o; MSA 7.7(4-l).[4] A claimant seeking a real property tax exemption must establish four elements:

"(1) The real estate must be owned and occupied by the exemption claimant;

"(2) The exemption claimant must be a library, benevolent, charitable, educational or scientific institution;

"(3) The claimant must have been incorporated under the laws of this State;

"(4) The exemption exists only when the buildings and other property thereon are occupied by the claimant solely for the purposes for which it was incorporated." *Engineering Society of Detroit v Detroit,* 308 Mich 539, 550; 14 NW2d 79 (1944).

There is no dispute that petitioner satisfies elements (1), (3) and (4). The issue is whether petitioner is an educational or charitable institution within the meaning of the statutory exemption provisions.

On appeal, we are bound by the factual determinations of the MTT. *Circle Pines Center v Orangeville Twp,* 103 Mich App 593, 597; 302 NW2d 917 (1981), *lv den* 417 Mich 929 (1983). Where, as here,

[3] "Real estate or personal property owned and occupied by nonprofit theater, library, educational, or scientific institutions incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which the institutions were incorporated is exempt from taxation under this act."

[4] "Real estate or personal property owned and occupied by nonprofit charitable institutions incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated; and charitable homes of fraternal or secret societies and nonprofit corporations whose stock is wholly owned by religious or fraternal societies which own and operate facilities for the aged and chronically ill, in which the net income from the operation of the corporations does not inure to the benefit of any person other than the residents is exempt from taxation under this act."

no fraud is alleged, this Court's review is limited to determining whether the tribunal's decision is authorized by law and whether it is supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28. *Terco, Inc v Dep't of Treasury,* 127 Mich App 220, 223; 339 NW2d 17 (1983).

Exemption statutes are to be strictly construed in favor of the taxing unit. *Michigan Baptist Homes & Development Co v Ann Arbor,* 396 Mich 660, 669-670; 242 NW2d 749 (1976). The rule of strict construction does not, however, relieve this Court of its duty to interpret the exemption statute by the ordinary rules of construction in order to carry out the intention of the Legislature. *Ladies Literary Club v Grand Rapids,* 409 Mich 748, 762; 298 NW2d 422 (1980) (WILLIAMS, J., *dissenting,* quoting from 2 Cooley on Taxation [4th Ed], § 674, pp 1415-1417).

In support of its contention that it qualifies for exemption as an educational institution, petitioner presented evidence of three services provided by the association: a child-care center for preschool children, a vocational education program for high school students interested in child-care, and a Human Services Internship program for community college students.

In *Ladies Literary Club, supra,* pp 755-756, the Supreme Court set forth the test for determining whether an institution qualifies for a property tax exemption as an educational institution.

"Something more than serving the public interest is required to bring one claiming an exemption as an educational institution within the goals and policies affording a tax exemption.

"In *Detroit v Detroit Commercial College* [322 Mich 142; 33 NW2d 737 (1948)], our Court determined that

an institution seeking an educational exemption must fit into the general scheme of education provided by the state and supported by public taxation. This proposition was refined in *David Walcott Kendall Memorial School v Grand Rapids,* 11 Mich App 231; 160 NW2d 778 (1968), which declared that an educational exemption may be available to an institution otherwise within the exemption definition, if the institution makes a substantial contribution to the relief of the burden of government."

Our legislative scheme of education mandates neither preschool education nor vocational training, MCL 380.1285; MSA 15.41285; MCL 380.1287; MSA 15.41287. Although we recognize that the association conducts educational activities of great benefit to the community, petitioner has not shown that its activities "sufficiently relieve the government's educational burden to warrant the claimed educational institution exemption". *Kalamazoo Nature Center, Inc v Cooper Twp,* 104 Mich App 657, 663; 305 NW2d 283 (1981); *Circle Pines Center, supra.*[5]

However, we disagree with the tribunal's conclusion that petitioner failed to show that it qualified for exemption as a charitable or benevolent institution. In *Michigan Baptist Homes, supra,* p 671, the Supreme Court held that, to qualify for a charitable or benevolent tax exemption, the institution must use its property to "benefit the general public without restriction". In *Retirement Homes of the Detroit Annual Conference of the United Methodist Church, Inc v Sylvan Twp,* 416 Mich 340, 348-349; 330 NW2d 682 (1982), the

---

[5] Although a facility which confers a degree generally qualifies as an educational institution, the tribunal implied that a non-degree conferring institution presumptively fails to qualify as an educational institution. We do not believe that *Kalamazoo Nature Center, supra,* or *Circle Pines Center, supra,* should be interpreted for such a proposition.

Supreme Court expounded on the nature of a charitable institution:

"Courts in other jurisdictions have expressed this concept in the following language:
" '[C]harity * * * [is] a *gift,* to be applied consistently with existing laws, *for the benefit of an indefinite number of persons,* either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or *otherwise lessening the burdens of government.' "* (Emphasis supplied and citations omitted.)[6]

This Court recently reversed an order of the MTT denying a historical museum an exemption as a charitable institution. The Court explained:

"Nor is it true that gift-giving institutions of human kindness are the only nonprofit organizations entitled to property tax exemptions as charities. It is evident from the Supreme Court's definition [in *Retirement Homes, supra]* that, when used in reference to tax exemptions, the word 'charitable' has a much broader meaning than that commonly associated with the word. For petitioner to qualify as a charitable institution it is sufficient that it establish that its property is used in such a way that there is a gift for the benefit of the general public without restriction or for the benefit of an indefinite number of persons by bringing their minds or hearts under the influence of education." *Kalamazoo Aviation History Museum v Kalamazoo,* 131 Mich App 709, 714; 346 NW2d 862 (1984).

---

[6] Whether a day care center is a charitable or benevolent institution within the meaning of the property tax exemption has not previously been decided by this Court. Other jurisdictions have construed the relevant property tax statutes with varying results. Compare *Meadowbrooke Day Care Center, Inc v Bd of Assessors of Lowell,* 374 Mass 509; 373 NE2d 212 (1978), with *Brattleboro Child Development, Inc v Town of Brattleboro,* 138 Vt 402; 416 A2d 152 (1980).

The tribunal denied the association a charitable or benevolent exemption because it found that charity or benevolence was not one of the association's primary objects. The tribunal based this finding on Article II of the association's articles of incorporation, which provided that *an* objective of the association was to "own and operate child day care centers". However, the tribunal overlooked other provisions in the articles of incorporation, *e.g.,* the second purpose stated in Article II, Article III(b), Article VII and Article XII, § 3 of the by-laws which specifically states the charitable purposes of the association.

In *Kalamazoo Nature Center, supra,* the evidence showed that the center was similarly organized for educationally-related charitable purposes, *i.e.,* to promote a better understanding and appreciation of our natural surroundings, to sponsor educational programs and ecological research, and to maintain certain areas for the interpretation of natural history and for natural resource education. Although the tribunal disputed the center's status as an educational institution, the tribunal itself ruled that the center qualified as a charitable or benevolent institution.

The proofs introduced by petitioner created a question as to the charitable or benevolent nature of the association's activities. The tribunal's bare reliance on one portion of the articles of incorporation does not represent a decision supported by competent, material and substantial evidence. We, therefore, remand this cause to the MTT to fully address the nature and financing of petitioner's activities.

The final issue raised on appeal is whether the MTT erred in holding that it lacked jurisdiction to hear petitioner's 1982 tax exemption claim. MCL 205.735(1); MSA 7.650(35)(1) provides that claims

of exemption must be protested before the board of review prior to invoking the jurisdiction of the MTT. Prior to amending a petition, a taxpayer must file a protest before the board of review. MCL 205.737(4); MSA 7.650(37)(4). After receiving notification of its 1982 tax assessment, petitioner, without filing another protest with the Escanaba Board of Review, amended its petition then pending before the MTT on appeal.

This Court has recognized that failure to exhaust administrative remedies is excused where appearance before the board of review would be futile. *Turner v Lansing Twp,* 108 Mich App 103, 108-109; 310 NW2d 287 (1981), *lv den* 413 Mich 871 (1982). Although we do not imply that had petitioner again protested before the board of review, the board would have failed in the performance of its duty, *id.,* p 110, it is reasonable to assume that the board's finding that petitioner was not entitled to tax-exempt status in one year would not be reversed in a subsequent year, particularly where the previous year's dispute is pending before the MTT. Moreover, the City of Escanaba would not be prejudiced by allowance of the association's 1982 claim since the evidence introduced pertained to that year as well. Accordingly, we hold that on remand the MTT has jurisdiction to consider the association's challenge to the 1982 and 1981 tax assessments.

Remanded. We do not retain jurisdiction.