GRANADER v SOUTHFIELD TOWNSHIP

Docket No. 82254. Submitted July 1, 1985, at Lansing.—Decided September 4, 1985.

Southfield Township assessed residential property belonging to Harry Granader at $73,300 for the 1983 tax year and $75,500 for the 1984 tax year. Granader appealed those assessments to the township board of review, which refused to lower the assessments, and in turn appealed the board of review's decision to the Residential Property and Small Claims Division of the Michigan Tax Tribunal. Following a hearing in the Residential Property and Small Claims Division, the assessments were reduced to $71,500 for the 1983 tax year and $72,500 for the tax year 1984. Granader, still unhappy with the assessments, filed a claim of appeal with the Court of Appeals. *Held:*

1. Petitioner's election to file his petition with the Residential Property and Small Claims Division of the Tax Tribunal does not preclude him from appealing the decision to the Court of Appeals.

2. The fact that a tribunal member, rather than a hearing referee, conducted the hearing in the Residential Property and Small Claims Division absolves petitioner of the need to seek *de novo* review before a Tax Tribunal member prior to appealing to the Court of Appeals. Petitioner exhausted all of the statutory remedies available to him in the Tax Tribunal.

3. The tribunal member erred in failing to make more explicit findings of fact. The findings of fact do not address any of the issues raised by petitioner, and there is no indication of which method of valuation the Tax Tribunal member used or whether the principles were properly applied. The matter is remanded to the Tax Tribunal.

Remanded.

1. TAXATION — APPEAL — TAX TRIBUNAL — SMALL CLAIMS DIVISION — COURT OF APPEALS.

The fact that a party elects to file a petition with the Residential

REFERENCES FOR POINTS IN HEADNOTES

[1-3] Am Jur 2d, State and Local Taxation §§ 1059 *et seq.*

See the annotations in the ALR3d/4th Quick Index under State Taxes.

Property and Small Claims Division of the Michigan Tax Tribunal rather than seeking relief before the entire tribunal does not relinquish the party's right of appeal to the Court of Appeals; there is no trade-off of appellant rights in exchange for the simplified, informal small claims proceedings.

2. Taxation — Tax Tribunal — Small Claims Division — Appeal — Court of Appeals.

A party may appeal directly to the Court of Appeals from a determination by the Residential Property and Small Claims Division of the Michigan Tax Tribunal where a tribunal member, rather than a hearing referee, conducts the hearing in the small claims division (MCL 205.762[3]; MSA 7.650[62][3]).

3. Taxation — Tax Tribunal Act — Findings of Fact — Conclusions of Law.

A decision by the Michigan Tax Tribunal does not conform to the requirements of the Tax Tribunal Act where it does not contain a concise statement of the findings of fact and conclusions of law used in reaching its decision; merely stating that the tribunal has reviewed the evidence and finds it to be insufficient as a basis for relief is not an adequate statement (MCL 205.751[1]; MSA 7.650[51][1]).

*Liberson & Bock, P.C.* (by *Wanda M. Brush*), for petitioner.

*Campbell & Fisher* (by *Gerald A. Fisher*), for respondent.

Before: Shepherd, P.J., and R. B. Burns and R. L. Tahvonen,* JJ.

Per Curiam. Petitioner appeals from a decision of the Residential Property and Small Claims Division of the Michigan Tax Tribunal which redetermined respondent's assessments on petitioner's property for 1983 and 1984.

The property involved is residential, located in Southfield Township, and was assessed at $73,300 for the 1983 tax year and $75,500 for the 1984 tax

---

* Circuit judge, sitting on the Court of Appeals by assignment.

year. On appeal to the small claims division, petitioner alleged that the assessments failed to reflect the neighborhood's drastically declining real estate values, failed to take into account various physical aspects of the property, and failed to consider its lack of salability.

We address first two issues raised by respondent. Respondent claims that, since petitioner elected to file his petition with the small claims division of the Tax Tribunal, he relinquished his right of appeal to this Court. We have rejected this argument. *Gannon v Cohoctah Twp,* 92 Mich App 445, 448; 285 NW2d 323 (1979).

Next, respondent contends that, because petitioner did not request a rehearing in the Tax Tribunal, his failure to exhaust his administrative remedies precludes review.

Section 61 of the Tax Tribunal Act establishes the small claims division and provides that it consist of tribunal members and hearing referees:

"A residential property and small claims division of the tribunal is created and consists of 1 or more *members of the tribunal* appointed and serving pursuant to this act and those *hearing referees* appointed by the tribunal who shall hear and decide proceedings before this division." MCL 205.761; MSA 7.650(61) (emphasis added).

Section 62, subsection (3) provides;

"A person or legal entity entitled to proceed under section 31, and whose proceeding meets the jurisdictional requirements of subsection (1), may elect to proceed before this division of the tribunal. A formal record need not be taken of the division proceedings. Within 20 days after issuance of an order *by a hearing referee,* a party may request a *rehearing* by a tribunal member which hearing shall be de novo." MCL 205.762(3); MSA 7.650(62)(3) (emphasis added).

Thus, if an order has been issued *by a hearing referee,* a party may request a rehearing by a tribunal member. In the present case, a *tribunal member* conducted the initial hearing in the small claims division. The statute does not require that a party must request a new hearing outside the small claims division after a hearing has been conducted by a tribunal member. Petitioner has exhausted all of the statutory remedies available to him in the tax tribunal.

Petitioner argues that the tribunal failed to make adequate findings of fact in accordance with statutory requirements. The Tax Tribunal Act states:

"A decision and opinion of the tribunal shall be made within a reasonable period, shall be in writing or stated in the record, and *shall include a concise statement of facts* and conclusions of law, stated separately and, upon order of the tribunal, shall be officially reported and published." MCL 205.751(1); MSA 7.650(51)(1) (emphasis added).

Merely stating that the tribunal has reviewed the evidence and finds it to be insufficient as a basis for relief is *not* adequate as a "concise statement of facts" and violates MCL 205.751(1); MSA 7.650(51)(1). *Plymouth Twp v Wayne County Bd of Comm'rs,* 137 Mich App 738, 756; 359 NW2d 547 (1984). Only if the decisions of the tribunal contain the factual and legal basis of the determination will appellate review be meaningful. *Almira Twp v Benzie County Tax Allocation Bd,* 80 Mich App 755, 761; 265 NW2d 39 (1978). Adequate findings of fact are particularly important in proceedings before the small claims division since review is hindered by the informal record maintained in those proceedings.

In this case, the decision rendered provides no

underlying reasons or findings for the final determination of true cash value. The petition challenged the assessment on several grounds. The findings of fact do not address any of the issues raised by petitioner. Moreover, there is no indication of which method of valuation the Tax Tribunal used or whether the principles were properly applied. In our opinion, the tribunal erred in failing to make more explicit findings of fact. On this basis we remand.

Because we remand, we do not address the issue of whether the Tax Tribunal's decision was supported by the record.

Remanded.