In re REILLY ESTATE

TUYNMAN v DEPARTMENT OF TREASURY

Docket No. 84685. Submitted June 3, 1986, at Detroit. Decided August 20, 1986.

Thomas Tuynman, as the personal representative of the estate of decedent Emily A. Reilly, filed a petition in the Wayne Probate Court for a redetermination of inheritance taxes assessed by respondent, Department of Treasury, Revenue Division, against two adult children of the decedent's late husband who received residuary bequests pursuant to the terms of a joint will executed by the decedent and her late husband. Petitioner contended that the two adult children from decedent's late husband's former marriage were entitled to exemptions from inheritance taxes as provided by statute. The probate court, Frank S. Szymanski, J., denied the petition. Petitioner appealed.

The Court of Appeals *held:*

The decedent and her late husband's children did not have a parent-child relationship or any other familial relationship which would have qualified the children for statutory exemptions from inheritance taxes as claimed by petitioner.

Affirmed.

1. TAXATION — EXEMPTIONS — JUDICIAL CONSTRUCTION.

Exemption statutes are to be strictly construed in favor of the taxing unit.

2. TAXATION — INHERITANCE TAXES — EXEMPTIONS.

A devisee who, following the death of his late parent's spouse, receives a bequest pursuant to the terms of a joint will executed by the devisee's parent and the parent's spouse, who was not related to the devisee, does not qualify for an exemption

REFERENCES

Am Jur 2d, Inheritance, Estate, and Gift Taxes §§ 194 *et seq.*

Am Jur 2d, State and Local Taxation §§ 326-331.

Death or divorce of blood relative as affecting relationship by affinity for purposes of inheritance, succession, or estate tax. 26 ALR2d 271.

from inheritance taxes provided by statute for a recipient of a beneficial interest who was related to the decedent grantor (MCL 205.202[1]; MSA 7.562[1]).

*Kiefer, Allen, Cavanagh & Toohey* (by *John B. Kiefer*), for appellant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Gary Kress,* Assistant Attorneys General, for appellee.

Before: T. M. BURNS, P.J., and BRONSON and S. EVERETT,* JJ.

PER CURIAM. Petitioner, Thomas Tuynman, as the personal representative of the Estate of Emily A. Reilly, appeals as of right from an order of the Wayne Probate Court denying his petition for a redetermination of inheritance taxes. MCL 205.201; MSA 7.561. The probate court determined that certain beneficiaries provided for in the will of Emily A. Reilly were not entitled to the exemption from taxation contained in MCL 205.202(1); MSA 7.562(1). We affirm.

William and Emily Reilly, husband and wife, executed a joint will on September 16, 1974. Under this will, their entire estate was bequeathed to the surviving spouse, and upon the death of the surviving spouse specific bequests were made to the wife's three grandchildren and a residuary bequest was made to the husband's two adult children from a previous marriage. William Reilly died on October 14, 1975, and the joint will was admitted to probate. The balance of William's estate, $16,824.52, was thereafter transferred to Emily Reilly.

Some six years later, Emily Reilly died and the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

joint will was again admitted to probate. After specific bequests totaling $3,000 were distributed to the grandchildren of Emily Reilly, the residue of the estate, $29,095.43, was to be distributed to the children of William Reilly. On September 20, 1984, the probate court entered an order determining an inheritance tax of $3,131.45 assessed against William Reilly's daughters. After the estate's request for a redetermination of the inheritance taxes was denied, this appeal resulted.

Petitioner claims an exemption from inheritance taxes for William Reilly's daughters based on MCL 205.202(1); MSA 7.562(1) which provides in relevant part:

> Where the persons entitled to a beneficial interest in the property are the . . . child . . . of the decedent grantor, donor, or vendor, . . . the transfer of property of the clear market value of $10,000.00 is exempt from all taxation under this act.

Thus, the issue in this case is one of statutory interpretation to determine if the transfer to William Reilly's daughters from Emily Reilly's estate falls within the above-quoted exemption.

Petitioner contends that because a joint will is involved in the present case, the above exemption should be applied based on the beneficiaries' relationship to their father rather than to their stepmother, the surviving spouse. According to the petitioner, the tax due should be determined based on the beneficiaries' relationship to their father because the assets actually flowed from their father's estate and their stepmother's estate simply served as a conduit. However, the probate court agreed with the respondent that, because the bene-

ficiaries were not related to the decedent grantor, Emily Reilly, the exemption simply did not apply. We agree with the probate court.

Generally, exemption statutes are to be strictly construed in favor of the taxing unit. *Ass'n of Little Friends, Inc v City of Escanaba,* 138 Mich App 302; 360 NW2d 602 (1984), lv den 422 Mich 981 (1985). In this case, when William Reilly died, a fee simple absolute estate was transferred to Emily Reilly by operation of their joint will. See *Quarton v Barton,* 249 Mich 474; 229 NW 465 (1930). Pursuant to the will, William's daughters took nothing at William's death. The only right the daughters obtained was the right to seek enforcement of the contract between Emily and William. *Keasey v Engles,* 259 Mich 178, 181-182; 242 NW 878 (1932).

Thus, at William's death his daughters had no vested interest in the estate and merely possessed a contingent future interest which was subject to Emily's right to use up the entire estate for her own maintenance if necessary. It was not until Emily's death that William Reilly's daughters received a "beneficial interest" in the estate of Emily Reilly. The intervening transfer of the estate to Emily effectively destroyed the requisite parent-child relationship necessary to qualify for the inheritance tax exemption. Since William's daughters were not related to the decedent grantor, Emily Reilly, the probate court properly determined that the exemption did not apply and correctly assessed an inheritance tax against the estate. The fact that a joint will was involved in this case does not change the fact that the beneficiaries were not related to the actual decedent grantor.

Affirmed.