OLDENBURG v DRYDEN TOWNSHIP

Docket No. 128209. Submitted November 9, 1992, at Lansing. Decided March 15, 1993, at 10:00 A.M.

Thomas Oldenburg petitioned the Tax Tribunal, Small Claims Division, for a determination of the true cash value of his residence in Dryden Township, Lapeer County, for 1988 and 1989. Following a hearing at which no record was made, pursuant to 1981 AACS, R 205.1605(1), a tribunal member issued a written opinion and judgment determining the true cash value to be $591,470. The petitioner appealed.

The Court of Appeals *held:*

The petitioner may appeal to the Court of Appeals even though he chose to proceed in the small claims division. Unfortunately, the findings of fact are devoid of any information that would give the Court of Appeals an opportunity for meaningful appellate review. The tribunal erred in failing to make more specific findings of fact.

Reversed and remanded.

1. Taxation — Tax Tribunal — Appeal.

Appellate review of a decision of the Tax Tribunal is limited to determining whether the tribunal's decision is supported by competent, material, and substantial evidence on the whole record in the absence of fraud, error of law, or the adoption of wrong principles; the tribunal's failure to base its decision on competent, material, and substantial evidence on the record as a whole is an error of law (Const 1963, art 6, § 28).

2. Taxation — Tax Tribunal — Real Property — True Cash Value — Burden of Proof.

The burden of proving the true cash value of real property in proceedings before the Tax Tribunal is on the taxpayer; the tribunal must make its own finding of true cash value and cannot merely affirm the assessment as placed on the tax rolls by the assessing authority (MCL 205.737[3]; MSA 7.650[37][3]).

References

Am Jur 2d, Appeal and Error §§ 397-399, 491-493, 882; State and Local Taxation §§ 777-781, 795, 796, 802-806.
See ALR Index under Appeal and Error; Taxes.

3. TAXATION — TAX TRIBUNAL — SMALL CLAIMS DIVISION.
   A decision of the Tax Tribunal, including the small claims
   division, must include a concise statement of facts and separate
   conclusions of law (MCL 24.285, 205.726, 205.751[1]; MSA
   3.560[185], 7.650[26], 7.650[51][1]).

*Donald J. Pagenette & Associates, P.C.* (by *Donald J. Pagenette*), for Thomas Oldenburg.

*Rickard-Higgins & Associates* (by *Timothy W. Denney*), for Dryden Township.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and REILLY, JJ.

REILLY, J. Petitioner appeals as of right the judgment of the Tax Tribunal, Small Claims Division, that determined the true cash value of his residence for the years 1988 and 1989 to be $591,470. We remand.

No record was made of the small claims hearing before the tribunal member, Leonard D. Proctor, in accordance with 1981 AACS, R 205.1605(1).[1] In a written opinion and judgment, the tribunal member indicated that he used the market value approach to determine the true cash value. He listed the evidence presented by each party, with no further comment. Petitioner's evidence "consisted of testimony, 5 photographs, an appraisal dated June 2, 1987, reason for appeal and a location map." Respondent's evidence "consisted of an assessment record sheet on the subject, a cost appraisal, testimony and 3 photographs."

The findings of fact described petitioner's property as residential real property located in the Township of Dryden, Lapeer County. The findings

[1] 1981 AACS, R 205.1605(1) provides: "A formal transcript shall not be taken for any proceeding commenced and completed in the small claims division."

also gave the 1988 and 1989 assessments of the property as confirmed by the Board of Review. Finally, the findings stated: "The uniformly applied average level of assessment in the assessing district for the tax year of 1988 and 1989 is 50.00% for each year." No other findings of fact were made.

Petitioner contends that the tribunal member erred in considering the documents submitted by respondent because they were submitted two days before the hearing date, not ten days before the hearing as required by Tax Tribunal Rule 642.[2] Petitioner also contends that the decision was not supported by competent, material, and substantial evidence because the tribunal member apparently relied on the inadmissible documents submitted by respondent, and ignored several documents submitted by petitioner that allegedly refute the claims made by respondent.

In the absence of fraud, error of law, or the adoption of wrong principles, our review is limited to determining whether the tribunal's decision is supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Edward Rose Building Co v Independence Twp,* 436 Mich 620, 631-632; 462 NW2d 325 (1990); *Ass'n of Little Friends, Inc v Escanaba,* 138 Mich App 302, 306-307; 360 NW2d 602 (1984). The Tax Tribunal's failure to base its decision on competent, material, and substantial evidence on the record as a whole is an error of law. *Tradewinds East Associates v Hampton Charter Twp,* 159 Mich App 77, 83; 406 NW2d 845 (1987).

The burden of proof is on the taxpayer to estab-

---

[2] 1981 AACS, R 205.1642(2) provides: "A copy of an appraisal report or other written evidence shall be submitted to the opposing party and the tribunal not less than 10 days before the date of the hearing."

lish the true cash value of the property. MCL 205.737(3); MSA 7.650(37)(3). The tribunal is obliged, however, to make its own finding of true cash value and cannot merely affirm the assessment as placed upon the rolls by the assessing authority. See *Consolidated Aluminum Corp, Inc v Richmond Twp,* 88 Mich App 229, 231-232; 276 NW2d 566 (1979). *Kern v Pontiac Twp,* 93 Mich App 612, 620; 287 NW2d 603 (1979).

A decision of the tribunal shall include a concise statement of facts and conclusions of law stated separately. MCL 205.751(1); MSA 7.650(51)(1). This requirement is described with greater specificity in § 85 of the Administrative Procedures Act. MCL 24.285; MSA 3.560(185). Tribunal hearings are made subject to that provision by MCL 205.726; MSA 7.650(26). *Community Associates v Meridian Charter Twp,* 110 Mich App 807; 314 NW2d 490 (1981). Adequate findings of fact are particularly important in proceedings before the small claims division because review is hindered by the informal record maintained in those proceedings. *Granader v Southfield Twp,* 145 Mich App 585; 377 NW2d 893 (1985).

We recognize that petitioner has the right of appeal to this Court even though he chose to proceed in the small claims division. *Id.* at 587; *Gannon v Cohoctah Twp,* 92 Mich App 445, 448; 285 NW2d 323 (1979).[3] We also recognize that pursuant to Tax Tribunal Rule 605(1), a formal transcript of the September 7, 1989, hearing was not permitted in the small claims division. The parties have not stipulated a settled record. Conse-

[3] We agree with the reasoning in *Gannon* that Tax Tribunal Rule 648 prohibiting an appeal from the small claims division could not supersede the right of appeal granted by statute. Because the issue of petitioner's right to appeal is not before us, and Rule 648 has been rescinded, we need not further discuss the rationale utilized in *Gannon.*

quently, petitioner has been placed in the difficult situation of appealing without any record except the opinion and copies of the exhibits.[4]

The documents that petitioner contends were not considered by tribunal member Proctor in reaching his decision have been submitted to this Court as part of the tribunal record. We note that at the beginning of the binder containing those documents, the following handwritten note appears:

3/23/90

This information was not sent to the Respondent 10 days prior to the hearing. Therefore, it was not accepted as evidence. Photographs listed on Judgment were viewed at the hearing. Filed [sic] for Docket # 117830 does not show two appraisals by Allied Reality Appraisers. LDP.

It is apparent that tribunal member Proctor rejected the documents sent by petitioner to the tribunal on August 28, 1989, and relied only upon the documents submitted by petitioner with his earlier request for a property assessment review. It is not clear from the record why respondent's written evidence was considered by the tribunal member when it appears that the evidence was submitted in violation of the ten-day rule. Moreover, the findings of fact are devoid of any information that would give this Court an opportunity for meaningful appellate review. We cannot ascertain what evidence and reasoning was relied upon by the tribunal member in order to conclude that

---

[4] Considering petitioner's predicament, we believe it is incumbent on the Tax Tribunal to either permit a record of the proceeding in the small claims division or consider seeking legislation providing for a voluntary waiver of the right of appeal. See *People v Rodriguez*, 192 Mich App 1; 480 NW2d 287 (1991); cf. MCL 600.8412; MSA 27A.8412 (waiver of right of appeal from small claims division of district court).

the true cash value of petitioner's residence was $591,470.

In our opinion, the tribunal erred in failing to make more explicit findings of fact. We therefore reverse and remand this matter to the small claims division for further action consistent with this opinion. We do not retain jurisdiction.

Reversed and remanded.