# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA S REICHERT,

        Petitioner-Appellant,

v

TOWNSHIP OF CHIKAMING,

        Respondent-Appellee.

UNPUBLISHED
April 16, 2015

No. 319775
Tax Tribunal
LC No. 00-454140

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Petitioner appeals as of right the final opinion and judgment of the Michigan Tax Tribunal that established the subject property's true cash value (TCV), state equalized value (SEV), and taxable value (TV) for tax year 2013.

For the 2013 tax year, respondent initially determined that the TV for the subject property was $77,500. Petitioner contended that the TCV should be $65,000 and the TV $32,500. After accepting evidence and holding a hearing, the Tribunal determined the TV of the property was $59,250. Petitioner filed a motion for reconsideration, arguing that the Tribunal erred by including the value of a pole barn in its calculation of the subject property's value. Petitioner asserted that the pole barn had not been built as of tax day, December 31, 2012, so its value was improperly added. The Tribunal denied petitioner's motion for reconsideration, and this appeal followed.

Our review of the Tax Tribunal's decisions is very limited. *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 630; 806 NW2d 342 (2011). "In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." Const 1963, art 6, § 28. "The Tax Tribunal's failure to base its decision on competent, material, and substantial evidence on the record as a whole is an error of law." *Oldenburg v Dryden Twp*, 198 Mich App 696, 698; 499 NW2d 416 (1993). "A decision of the tribunal shall include a concise statement of facts and conclusions of law stated separately," *id.* at 699; see also MCL 205.751, and a concise statement of the facts and legal conclusions provides sufficient background for a meaningful review, *Granader v Southfield Twp*, 145 Mich App 585, 588; 377 NW2d 893 (1985).

-1-

Petitioner argues that there was no evidence to support that the pole barn existed on the property as of December 31, 2012. She directs this Court to MCL 211.2(2), which provides in pertinent part that "[t]he taxable status of . . . real . . . property for a tax year shall be determined as of each December 31 of the immediately preceding year, which is considered tax day."

There is not competent, material, and substantial evidence to support the Tribunal's decision to include the pole barn in the valuation of the property for the 2013 tax year. No finding was made regarding when the township assessor measured the pole barn. However, the documentary evidence submitted to the Tribunal indicates that the measurements of the buildings on the property were not conducted until 2013. For example, in respondent's answer to petitioner's petition, the township assessor represented to the Tribunal that as of July 12, 2013, she had been to the property several times and was denied access to the buildings. Further, in a September 18, 2013 submission to the Tribunal, respondent asserted that "[a]fter many conversations with petitioner, I was allowed to come and measure the buildings but [was] not allowed access to the interior." In other words, the only evidence of record indicates that respondent measured the pole barn sometime between July 2013 and September 2013, i.e., several months after December 31, 2012.

The Tribunal erred by including the value of the pole barn in the valuation of the property for the 2013 tax year.

Reversed and remanded to the Tribunal for further proceedings consistent with this opinion. We do not retain jurisdiction. Petitioner, as the prevailing party, may tax her costs pursuant to MCR 7.219.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray