*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JULIE A. TENBUSCH,

       Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

       Respondent-Appellee.

UNPUBLISHED
March 5, 2019

No. 344239
Tax Tribunal
LC No. 17-000263-TT

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Petitioner appeals as of right the Tax Tribunal's final opinion and judgment determining that petitioner was not entitled to a principle residence exemption (PRE) for the residential property she owns in Harbor Beach, Michigan, for the 2013-2016 tax years. We affirm.

## I. Facts

On June 23, 2016, respondent issued a PRE denial notice to petitioner regarding her property located at 3903 S. Lakeshore Road in Harbor Beach, Michigan. The notice stated that the property did not qualify for the exemption for the tax years 2013-2016 and that a corrected property tax bill would be issued. Petitioner appealed that decision with respondent's hearings division and an informal conference was thereafter held with respect to the matter. The hearing referee issued a recommendation to uphold the denial.

On February 21, 2017, respondent issued a "Decision and Order of Determination" stating that it had reviewed the referee recommendation and it found that the PRE on the parcel was properly denied for tax years 2013-2016. Petitioner thereafter appealed the decision to the Tax Tribunal's small claims division, filing several exhibits with her appeal. When an in-person hearing was scheduled, petitioner submitted additional exhibits to the Tribunal for purposes of the hearing. It is undisputed that petitioner failed to serve these exhibits on respondent.

On March 29, 2018, the Tribunal issued a proposed opinion and judgment finding no PRE for the parcel because it was not petitioner's primary residence for the years at issue. In the proposed opinion and judgment, the referee indicated that he had excluded those exhibits

submitted to the Tribunal but not served upon respondent. Petitioner filed exceptions to the proposed opinion and judgment, but on May 21, 2018, the Tribunal issued a final opinion and judgment finding that petitioner was not entitled to the claimed exemption for the 2013-2016 tax years.

## II. Analysis

On appeal, petitioner contends that the Tribunal reversibly erred by excluding evidence she had submitted to it, but had inadvertently failed to serve on respondent prior to the hearing. We disagree.

Our review of Tax Tribunal decisions is quite limited. As stated in *Michigan Properties, LLC v Meridian Twp*, 491 Mich 518, 527–28; 817 NW2d 548 (2012):

> In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation. Const. 1963, art. 6, § 28. The Tax Tribunal's factual findings are final if they are supported by competent, material, and substantial evidence on the whole record. *Id.; Meadowlanes Ltd. Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 482; 473 NW2d 636 (1991). If the facts are not disputed and fraud is not alleged, our review is limited to whether the Tax Tribunal made an error of law or adopted a wrong principle. [(internal quotations marks omitted)]

This Court may review the Tribunal's evidentiary rulings if they involve an error of law. *Georgetown Place Co-op v City of Taylor*, 226 Mich App 33, 50; 572 NW2d 232 (1997).

R 792.10287 (Rule 287) governs evidence in a proceeding before the small claims division of the Tax Tribunal. That rule provides:

> (1) A copy of all evidence to be offered in support of a party's contentions shall be filed with the tribunal and served upon the opposing party or parties not less than 21 days before the date of the scheduled hearing, unless otherwise provided by the tribunal. Failure to comply with this subrule may result in the exclusion of the valuation disclosure or other written evidence at the time of the hearing because the opposing party or parties may have been denied the opportunity to adequately consider and evaluate the valuation disclosure or other written evidence before the date of the scheduled hearing.
> (2) Service of the evidence shall be made on the opposing party or parties unless an attorney or authorized representative has entered an appearance in the contested case on behalf of that opposing party or parties and then service shall be made on the attorney or authorized representative.

Under this administrative rule, the Tribunal thus has the discretion to exclude untimely evidence. Pursuant to MCL 205.746(1), the Tribunal may also "admit and give probative effect to evidence of a type commonly relied upon by reasonably prudent men in the conduct of their affairs."

Petitioner admits that she filed several documents with the Tribunal on February 2 and 7, 2018, prior to the in-person hearing, but failed to serve these documents on respondent. Thus, under R 287, the Tribunal could, in its discretion, exclude the "written evidence at the time of the hearing because the opposing party or parties may have been denied the opportunity to adequately consider and evaluate the valuation disclosure or other written evidence before the date of the scheduled hearing." In its March 29, 2018, proposed opinion and judgment issued after the hearing, the Tribunal stated that it did exclude the documents:

> Petitioner's agent Michael Tenbusch stated that he did not send the evidence submitted to Tribunal on February 2 and 7, 2018, to Respondent's agent 21 days prior to the hearing. Respondent's agent noted that she did not receive anything from Petitioner and stated that she was not able to access the evidence on the day of the hearing as the Tribunal's online docket lookup feature was down. The Tribunal finds that the above evidence speaks to petitioner's case in chief; therefore, the Tribunal will exclude the above exhibits.

According to petitioner, despite the fact that the documents were not served upon respondent and respondent had no access to the documents on the hearing date, the hearing referee nevertheless allowed petitioner to present the excluded evidence and respondent did not object to the presentation of the evidence.[1] Petitioner thus asserts that the referee's exclusion of the evidence resulted in a miscarriage of justice.

In *Kok v Cascade Charter Tp*, 255 Mich App 535, 544; 660 NW2d 389 (2003), this Court found no error when the Tribunal refused to accept evidence that was not served upon the opposing counsel prior to a hearing, and that opposing counsel thus did not have an opportunity to evaluate before the hearing, because admission of the evidence would be prejudicial. The purpose of the exclusionary discretion in R 287 then, is clearly to prevent unfair surprise and prejudice to the opposing party. A party cannot be expected to prepare for or respond to evidence it has not been served with and thus may not be aware exists.

---

[1] MCL 205.762(2) provides that no formal record of small claims division proceedings is required. Because this case was heard in the small claims division of the tribunal, there is no record of the hearing. Lacking a record, this Court cannot determine whether petitioner was, in fact, allowed to present the evidence. As a result, this Court must decide the issues in this case by reviewing only the opinion(s) and judgment(s) of the Tribunal.

The evidence that petitioner failed to serve upon respondent included several affidavits purportedly addressing petitioner's living/residence situation. Respondent, having not been served with these affidavits, could not reasonably contact the writers of the affidavits or adequately examine petitioner concerning the contents of the affidavits at the hearing. We find no error in the Tribunal's exclusion of the evidence petitioner failed to serve upon respondent.

Petitioner next contends that the Tribunal erred in failing to consider critical evidence provided by her through her sworn testimony at the hearing. We disagree.

In its final opinion and judgment, the Tribunal opined that "the Hearing Referee properly considered the testimony and evidence submitted in the rendering of the proposed Opinion and Judgment." It also adopted the proposed opinion and judgment as its final decision in the case. In the proposed opinion and judgment, the referee stated:

> Based on the pleadings, admitted exhibits, and sworn testimony, Petitioner claims that the PRE should be granted. Petitioner noted that she purchased the subject property in 1997. Petitioner noted that the subject property contains all of her clothes, furniture, pictures, and lifelong collections. Petitioner noted that she is a part-time resident and noted that for part of the year she stays with her friend Mary Wallace . . . in Farmington Hills. Petitioner stated that she works in Detroit and therefore it was more convenient to stay in Farmington Hills. . . . Also, Petitioner stated that Michigan winters can be harsh and staying with a friend who lives south is more convenient and safe. Petitioner stated that she has no financial interest in Mary's home.

While petitioner claims that the proposed opinion and judgment does not contain "one iota of evidence" that she presented during her sworn testimony, the above statements of the referee clearly belie that assertion. The referee frequently expresses "petitioner stated . . ." and "petitioner noted . . .", indicating verbal testimony provided by petitioner. Moreover, some of the evidence related by the referee does not appear in her petition for appeal to the tribunal (e.g., "Petitioner stated that she has no financial interest in Mary's home"). We thus find no merit to petitioner's claim that the referee erroneously failed to take her verbal testimony into consideration when issuing its proposed opinion and judgment.

Petitioner's final argument is that the Tribunal erred in denying her a PRE for the parcel at issue. We disagree.

Pursuant to MCL 211.7cc(1) a principal residence is exempt from taxes levied by the local school district for school operating purposes. MCL 211.7dd(c) defines "principal residence" as:

> the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established.

Further, MCL 211.7cc(2) provides:

> Except as otherwise provided in subsection (5), an owner of property may claim 1 exemption under this section by filing an affidavit on or before May 1 for taxes levied before January 1, 2012 or, for taxes levied after December 31, 2011, on or before June 1 for the immediately succeeding summer tax levy and all subsequent tax levies or on or before November 1 for the immediately succeeding winter tax levy and all subsequent tax levies with the local tax collecting unit in which the property is located. The affidavit shall state that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed and shall state that the owner has not claimed a substantially similar exemption, deduction, or credit on property in another state. . . . . If an owner of property filed an affidavit for an exemption under this section before January 1, 2004, that affidavit shall be considered the affidavit required under this subsection for a principal residence exemption and that exemption shall remain in effect until rescinded as provided in this section.

As previously indicated, the Tribunal's factual findings are final if they are supported by competent, material, and substantial evidence on the whole record. *Michigan Properties, LLC*, 491 Mich at 528. Substantial evidence is generally defined as the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion, which may be substantially less than a preponderance of evidence. *Inter Co-op Council v Tax Tribunal Dept of Treasury*, 257 Mich App 219, 221–22; 668 NW2d 181 (2003) (citations and quotation marks omitted). The burden of proving entitlement to a tax exemption is on the person claiming the exemption. *Stege v Dep't of Treasury*, 252 Mich App 183, 189; 651 NW2d 164 (2002).

In this matter, there is no dispute that petitioner owned the subject parcel. However, to claim the principal residence exemption, the taxpayer seeking the exemption must establish *both* ownership and occupancy of the property as a principal residence for each year the exemption is claimed. See, MCL 211.7cc(2) ("The affidavit shall state that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed . . ."). The definition of the term "occupy" is not provided in the statute. However, in *Estate of Schubert v Dept of Treasury*, 322 Mich App 439, 449–50; 912 NW2d 569 (2017) this Court held:

> *Merriam-Webster's Collegiate Dictionary* (11th ed.) defines "occupy," in relevant part, as "to reside in as an owner or tenant." In turn, "reside" is defined as "to dwell permanently or continuously: occupy a place as one's legal domicile." In turn, "reside" is defined as "to dwell permanently or continuously: occupy a place as one's legal domicile. Accordingly, it is clear that a person must dwell either permanently or continuously at a property to "occupy" the property. [internal citations and quotation omitted]

"Accordingly, to be entitled to the PRE, an owner claiming the exemption has a continuing requirement to *use* the property as his or her principal residence." *Id*. at 453.

The Tribunal's factual determination that petitioner did not occupy the parcel was supported by competent, material, and substantial evidence on the record.[2] Petitioner indicated that she is only at the subject parcel for part of the year (and is not there during the winter months) and spends the rest of her time staying at her friend's home in Farmington Hills. Petitioner's income tax returns for the 2012-2015 tax years list the Farmington Hills address as her address as does her driver's license and the registration to her vehicle. Although petitioner's voter registration card lists the subject parcel as her address for voting purposes, the voting records indicate that her mailing address is the Farmington Hills address. According to the final opinion and judgment, petitioner stated that she worked in Detroit during the relevant tax years and that staying at the Farmington Hills address was more convenient for work purposes and in enabling her to assist her family and friends with medical issues. Petitioner provided some evidence to suggest she also spent time at the parcel at issue[3], but, "[t]he weight to be accorded to the evidence is within the Tax Tribunal Discretion" and this Court "may not second-guess the MTT's discretionary decisions regarding the weight to assign to the evidence." *Drew v Cass Co,*

_____

[2] The parties have not stipulated a settled record. As a result, petitioner has been placed in the admittedly difficult position of appealing without any record except the opinion and judgment copies of the admitted exhibits. See, *Oldenburg v Dryden Tp*, 198 Mich App 696, 699–700; 499 NW2d 416 (1993).

[3] All utility bills associated with the subject parcel for the relevant tax years were sent to petitioner at the Farmington Hills address.

299 Mich App 495, 501; 830 NW2d 832 (2013). Because there was substantial evidence to support the Tribunal's decision and it did not misapply the law or adopt an incorrect principle in arriving at its decision, we affirm.[4]

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[4] We note that the evidence excluded by the Tribunal, had it been admitted, would likely not change the outcome of this matter. The excluded evidence consisted primarily of affidavits by petitioner and four others. The information contained in the affidavits indicated that: petitioner did not stay at the parcel at issue from January through March of each year; that she was permitted to use a basement bedroom at her friend's Farmington Hills home whenever she desired; that from 2012 through 2016, petitioner worked in the Detroit area for work and assisted family/friends with health issues and it was more convenient for her to stay at her friend's home in Farmington Hills, and; that from 2009 through 2014 petitioner provided nursing care for her friend's live-in mother at the Farmington Hills home at least 2 days per week. There is nothing in the affidavits suggesting petitioner occupied or used the parcel at issue as her one permanent, fixed residence for the tax years at issue. A list of home improvements and receipts detailed only one improvement to the parcel during the tax years at issue. The warranty deed and mortgage information concerning the parcel only established ownership of the parcel, which was not at issue. Voter information for petitioner indicated that while she was registered to vote in Harbor Beach, her mailing address for the tax years at issue was consistently listed on the voter information as the Farmington Hills address. Finally, emails from petitioner to others inviting them to events at "Mary's house" established only how petitioner referred to the Farmington Hills home. The fact that the emails contained invitations to Christmas dinner and other special occasions at the Farmington Hills home suggests that petitioner was entirely comfortable inviting her friends and relatives to the home as though it was hers, and spent most of her time (important time, at that) at the Farmington Hills home.